## CHARLES W. HIZER

*v.*

## THE TOWN OF ROCKFORD.

| 86 325|
| 40a 148|

| 86 325|
| 95a 255|

1. HIGHWAYS — *authority of commissioners to direct where repairs shall be made.* The commissioners of highways have the power to require the overseers to perform labor upon such parts of the highway as in the judgment of the commissioners seems best for the public good.

2. SAME — *overseers subject to direction of commissioners.* When the overseer of highways is at work repairing a highway in his district, he is bound to leave that part of the highway and repair any other part when directed so to do by the commissioners of highways, and if he refuses or neglects so to do, he is liable to the penalty imposed by section 27 of chapter 121 of Revised Statutes of 1874.

APPEAL from the Circuit Court of Winnebago County; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. J. C. GARVER, for the appellant.

Mr. N. C. WARNER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by the commissioners of highways of the town of Rockford against Charles W. Hizer, one of the overseers of the town, to recover a penalty of $10 for a refusal to obey an order of the commissioners in relation to working a certain road in the overseer's district, as required by section 27 of chapter 121 of Revised Laws of 1874, page 918, which declares: "Every overseer who shall refuse or neglect to perform any of the duties hereinbefore enumerated, or which shall be lawfully enjoined on him by the commissioners of highways of his town, shall for every such refusal or neglect forfeit the sum of $10, to be sued for by the commissioners of highways of the town, and when recovered to be applied by them in making and improving the roads and bridges therein." The facts upon which the circuit court rendered judgment against the

defendant for the penalty of $10 provided by the statute were agreed upon by the parties, and are the following :

"Alfred Crill, Knowlton Barber, and Henry P. Redington were, on the 1st day of May, 1876, and have been at all times since then, and still are, commissioners of highways of the town of Rockford, in Winnebago county, Illinois. That Charles W. Hizer was, on the 1st day of May, 1876, and still is, overseer of highways of Road District No. 11, in the said town.

"That some time in the month of March, 1876, said commissioners of highways examined the River road in said District 11, and determined that such road, in several places, ought to be repaired, and that the same was then in a dangerous condition, and that they had so considered it for three or four years.    That on or about the 7th of June, 1876, said Crill and Barber were riding out and went to a stone quarry owned by one Nolan, and found said Hizer with divers teams, implements, and men, by said Hizer ordered out under the road warrant hereto attached to perform road labor in said District 11, engaged in hauling out rubble or stone, and placing the same on a certain highway in said District 11, known as the River road.

"That said Crill and said Barber verbally then ordered said Hizer to desist from further hauling and placing rubble or stone on the highway aforesaid, and to take the teams, men, and implements aforesaid and proceed to repair the river highway about one mile further north from the place where the highway was then being repaired by said Hizer.

"That in the opinion of said commissioners of highways the highway at the place where they so ordered the said Hizer to proceed to repair was in a dangerous condition, and needed repairs, and in their opinion a sufficient amount of road labor to properly repair the same at the place where they so ordered said Hizer to proceed with his teams, men and implements should be there expended.

"That said Hizer declined to obey said verbal order made as aforesaid, at the same time claiming that said Crill

and Barber had no legal right to make the same, or to require him to obey the same, but claimed that he would repair where then at work. That the next day Hizer began repairing those places where directed, but not until after this suit was begun.

" That at the time of the making of said verbal order by the said Crill and Barber as aforesaid there was a large amount of unexpended road labor not yet called out by said overseer in District 11, liable to be called out to do road labor there, and that said Hizer was acting in good faith, and in his opinion the highway where he was at work also needed repairing, and in the opinion of said Crill and Barber the other points needed repairing more than that point did.

" That the good faith of none of the parties is questioned."

Under the facts as agreed upon by the parties but one question arises, and that is, whether the order of the commissioners was legal, and one that the defendant was bound to obey. No technical question in regard to the form of the order, or whether it should be in writing, can arise, as the defendant, when the order was given, interposed no objection of this character, but planted himself squarely on the ground of the want of power in the commissioners. This question is one that must be determined by the statute defining the powers and duties of the commissioners of highways, and also the rights, powers and duties of overseers of highways.

Section 10 of chapter 121 of the Rev. Stat. 1874, page 914, declares that the commissioners of highways in the several towns in this State shall have the care and superintendence of highways and bridges therein, and it shall be their duty to give directions for the repairing of roads and bridges in their respective towns, and to cause the building of bridges where the public interest or necessity requires it. The same section confers the power on the commissioners to divide their respective towns into as many road districts as they shall deem convenient; to assign to each of said dis-

**328**          Hizer *v*. Town of Rockford.          [Sept. T.

Opinion of the Court.

tricts such of the inhabitants liable to work on highways as they shall think proper. It is also the duty of the commissioners to require the overseers of highways, from time to time, as often as they shall deem necessary, to warn all persons liable to work on highways to come and work thereon with such implements, carriages, plows and teams as they may have. Section 23 of the same act provides that there shall be chosen at the annual town meeting in each town as many overseers of highways as there are road districts. Section 24 of the act declares it to be the duty of overseers of highways in each town to repair and keep in order the highways within their several districts for which they shall have been elected; to warn all persons from whom road labor is due to work on the highways at such times and places, within their several districts, as they may think proper.

It will be observed that the commissioners of highways are given, by the terms of the law, the care and superintendence of bridges and highways in their towns. This language is more comprehensive than might be supposed, unless due regard is given to the terms used by the Legislature. Webster says a superintendent is " one who has the oversight and charge of something, with the power of direction." Under this definition, then, of the language used in the act, the commissioners have a higher power over roads than the overseer, as his duty is merely to " repair and keep in order." The former has the general power and direction, while the latter acts in a subordinate capacity. If the commissioners have the oversight and charge, with the power to direct, while the overseer has merely the power to repair and keep in order, it necessarily follows that the commissioners may require the overseer to perform the labor on such part of the highway as in their judgment seems best for the public good. Should the commissioners give the overseer no direction in regard to what portion of the highway in his district upon which the labor should be expended, then, of course, the overseer could use his own judgment;

but we are of opinion, when the commissioners have given directions to the overseer, the order so given he is bound to obey, and a failure on his part subjects him to the penalty provided by the statute. The judgment of the circuit court will, therefore, be affirmed.

*Judgment affirmed.*