MICHAEL MARTIN

v.

THE TOWN OF LA SALLE.

*Commissioners of Highways—Compensation for Services—Act of 1879
—Employment, not Limited to Attendance at Board Meetings—Evidence.*

In an action by a Commissioner of Highways to recover for services grow-
ing out of his official duties, it is *held:* That under Sec. 117 of the Act of
1879, a Commissioner of Highways is entitled to recover $1.50 per day for
each day necessarily employed in the discharge of his official duties; that
such employment is not limited to attendance upon official meetings of the
Board, and that a general offer to prove that the plaintiff rendered services
upon the highways, covering an extraordinary number of days, was too gen-
eral, and did not tend to prove any item for which he was entitled to re-
cover.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of La Salle County; the Hon.
CHARLES BLANCHARD, Judge, presiding.

Statement of the case by LACEY, J. The appellant was
elected one of the Road Commissioners of the Town of La
Salle, on the 7th of April, 1880, and held the office till
April, 1883, when his successor was elected. During the first
year James Kinder and Edward McGuire were his associates;
the second year Charles Degan and James Kinder, and the
third year Charles Degan and Richard O'Halleran.

This action was commenced in the Circuit Court in action
of assumpsit. The action was for some kind of services grow-
ing out of his official duties as Commissioner of Highways of
the said town during his term of office. Verdict and judg-
ment for the appellant in the sum of $46.50; considering the
amount not enough he has prosecuted this appeal to this court.

Messrs. MALONEY & STEAD, for appellant.

Messrs. BULL, STRAWN & RUGER, for appellee.

Martin v. Town of La Salle.

LACEY, J.  If we can fairly understand from the record in this case the nature of appellant's claim, the most of the evidence having been excluded by the court, it is as stated by his counsel, compensation for attending to discharging the duty of superintending and taking charge of the roads and .bridges in the town.  The claim offered to be proven was for 273 days from April, 1880, to April, 1881, at $1.50 per day for services rendered on the highways of the said Township of La Salle in pursuance to appointment by the Board of Commissioners, and by virtue of his being Commissioner of Highways, and some 400 days labor performed on like account, to the end of his office.  It is disclaimed that the compensation for this service can be collected out of the fund raised by taxation in Secs. 16 and 119, of the Act of 1879, nor is it indebtedness arising out of a contract with two Commissioners as such, for work and labor on the roads and bridges.  It is an indebtedness created by law as a necessary incident to the discharge of the duties of the Commissioners when such services are necessary and proper to be rendered in discharge of the duties imposed on them, and for which they are not compelled to contract with themselves or the Town Board, and must be paid for out of the town fund.  It is claimed that such compensation comes out of the payment of the general town fund as provided for in Sec. 117 of the Act.  It is admitted that the duties performed by appellant might be performed by the overseer, but it is claimed that makes no difference.

The questions arising in this case arise on the rejection of evidence offered by appellant to establish his case.  After introducing several records of the Commissioners of Highways, by one of which records it appears that the appellant was "to attend to district No. 1, gravel road," and at meeting May 3d, "to have the bridge repaired," then this question was propounded to the appellant: "Now I desire to ask you whether, in pursuance to the appointment referred to in the record just read, to attend to district No. 1, gravel road, you did any work or labor on the highways of the Township of La Salle." The question was objected to and the court sustained the ob. jection and ruled it out.

The plaintiff by his counsel then made the following offer of proof : " We offer to prove by this witness that in pursuance to those appointments referred to in the record just read from exhibit "A," and by virtue of being Commissioner of Highways and for the time expended in making up the records, that he rendered services on the highways in said Township of La Salle from April, 1880, to April, 1881, 273 days." This, on like objection, was ruled out by the court. A like question in regard to over 400 days for the next two years was ruled out. Appellant's offer to show that the claims were properly presented to the town auditors for allowance and that they rejected them was likewise ruled out by the court. This brings up the question as for what kind of services the Commissioners of Highways under the Act of 1879 may properly be allowed. This is a question not easy to determine in all cases, or to adopt a general rule in advance that would be a sure guide under all circumstances that may arise under the varied requirements of the act, and we will not undertake to do so. It will be enough that we pass correctly on the case before us. It should be the object of the court to so hold in regard to what are the official duties of the Commissioners and manner of their performance as to give the law that force and efficacy contemplated by the statute, and at the same time prevent the Commissioners from overstepping the powers delegated to them by the statute. The office is a very important one, and the interest of the public is very much bound up in its proper and efficient exercise. The statute in regard to the compensation of the Commissioners of Highways is as follows—Sec. 117, Act of 1879: " The Commissioners of Highways shall receive for their services the sum of one dollar and fifty cents per day for each day necessarily employed in the performance of their duties, the same to be audited by the town auditors and paid out of the town funds." It follows as a matter of course that whatever it is proper for a Commissioner of Highways to do, or whatever he may do properly in the discharge of his official duties, he should be paid for, at the rate specified in the act for the number of days necessarily engaged.

Martin v. Town of La Salle.

It is contended on the part of appellee that the Commissioners of Highways is a *quasi* corporation, and can only act in its corporate capacity, and that must be at a regularly called meeting of the board at which all are present, or of which all had notice and might have been present. The authority can not be delegated to a single member. The law requires they must act in a body, and that none of their acts are binding unless two of their members acquiesce therein. One member can not be delegated to take charge of a particular job or piece of work. They might employ an overseer but could not do it themselves. It is claimed that the only evidence of the time of performance of official duties is the record of the annual and special meetings of the board, under the requirements of the 12th section of the act, at which times "a correct record of the proceedings of the meeting" is to be kept. This proposition assumes that no other official duties of the Commissioners are required or allowed except the attendance on these meetings, and that the record shows the number of days occupied. The court below excluded all other offered evidence except the record, to show the days employed in the discharge of appellant's duties, and then instructed the jury that there was no other evidence before them than those records tending to show appellant's right of recovery, and that he was only entitled to recover for the time those records show the appellant was engaged in the discharge of his duty as Highway Commissioner.

We are inclined to think that the theory in this respect insisted on by appellee's attorney is erroneous; but whether the appellant, in his rejected offers of evidence, proposed to show facts that would entitle him to recover for anything more than he has recovered for, is a question we will consider hereafter. In Commissioners v. Baumgarten, 41 Ill. 254, two of the three Commissioners of Highways of the Town of Lancaster signed a contract with the City of Freeport to stand the town's share under the law to build a certain bridge. It was held a good execution of the contract, the court saying that such *quasi* corporation act by a vote of the majority, unless some provision is in the law to the contrary. If they were

not a corporation, then the act being silent as to how many shall constitute a quorum, a majority may act.

So where a number of persons are intrusted with powers in matters of public concern, all of them being assembled and consenting, the majority may act and determine, and where a report is signed by only two viewers of a road, it will be presumed a third was present and consulting until the contrary is shown. In Branns v. The Town of Peoria, it was held that two Road Commissioners, without consultation of the third, could not employ themselves or do work not allowed by law, or where there was no money raised or assessed for that year to pay for it, it was not decided what effect the consent of the third Commissioner would have on the contract. This was said with reference to payment of the road and bridge taxes. In Hizer v. Town of Rockford, 86 Ill. 325, under the following circumstances, it was held that the overseer of highways was criminal in not obeying the order of the Commissioners. The facts were that in March the three Commissioners passed over a road and found it needed repairs. In June following two of the three being together visited another and different road and found the overseer at work with his men and teams, and ordered him to desist and to repair the first road mentioned, which he refused to do.

The court say : " It will be observed that the Commissioners of Highways are given, by the terms of the law, the care and superintendence of bridges and highways in their towns. * * * The Commissioners have a higher power over roads than the overseer as his duty is 'to repair and keep in order.' The former has the general power and direction, while the latter acts in a subordinate capacity."

Sec. 10 of the Act of 1879 is nearly the same as the above referred to and must have the same construction. It is plain to be seen that no record of the action of the Commissioners was preserved of the time the Commissioners were engaged in the official duty, nor was there any necessity for any formal meeting of the Board, yet they would be entitled to pay for the care and superintendence of the road. Some of the duties of the Commissioners appear to be of a nature that requires

management and decision, such as determining the propriety of building bridges, entering into contracts and laying out roads, and other things that require deliberation and consideration for the determination of such questions. Doubtless a formal meeting of the Board would be necessary, but there are duties, such as giving directions for the repairing of roads of one determined by the Board to take possession, and keep scrapers and other tools belonging to the town wherever the same may be found, etc.; preventing thistles, burdock, cockleburs, Indian mallows and other noxious weeds from seeding in the public highway, and destroying cockleburs and weeds growing in the highway before coming to maturity. Such acts would not seem to require much deliberation, and is a matter that the statute directs to be done. The failure of the Commissioners to comply with the law in regard to destroying cockleburs, subjects them to a penalty of not less than $5 and not more than $25. Session Laws, 1879, page 264. Many duties are more in the nature of ministerial acts, and are required to be done by law. The consent of less than two would be sufficient, and even might be presumed to make the act legal. If one Commissioner should spend a day in gathering up road scrapers and other tools, and preserving them under the law, this act would no doubt be approved, although no express consent of the other two was obtained, and the Commissioner would be entitled to pay under the statute. But generally, the duties of the Commissioners are those of management and general direction, and it is no part of their general duties to do the manual labor on roads and bridges by virtue of their office of Commissioners of Highways. There is an express fund provided for, for that. Section 119 raises a fund for building and repairing bridges * *. * and to pay the Overseer of Highways, and this tax is to be assessed annually. The Commissioners would not be authorized under this act to perform the duties of the commission and charge for it out of the town fund, where there is no special fund provided to pay the overseer, whose duty it is to do the work.

The remaining question is, did the offer of the proof by appellant, which was rejected by the court, necessarily tend to

prove any item that the appellant had a legal right to recover for. The first question, did appellant do any work or labor on the highways of the township under the order to attend district No. 1 gravel road.

The order was that "M. Martin attend to gravel road in No. 1 district." This order did not authorize appellant to do work and labor on the highways of the town generally, or to perform work and labor at all. The next question was the offer to prove that appellant rendered services on the highways of said township of La Salle from April, 1880, to April, 1881, 273 days, and that by virtue of his office and under the authority of the appointment in the record in evidence. According to the record of the Board of Commissioners relied on, appellant was given the gravel road in district No. 1 to attend to, and the other record that appellant have the bridge repaired. The term " services on the highway in the township " was too general. The court could not see that the offer was proper. It should have been specific. There seemed to be an effort by the doubtful meaning of the question, to keep in the background what the real nature of these services were. Appellant did not even propose to prove that the services were performed in district No. 1, or on the bridge. Then the extraordinary number of days charged for what the law requires of a Commissioner, was enough to attract the attention of the court to the guarded way in which the proposition to produce proof was made. The court could not see the relevancy of such evidence. In regard to the services in making up the records it will be seen the proof already in, showed that the records were in evidence and the recovery no doubt covered that. If it had been different services, then the records themselves showed it should have been so stated, or if the records did not show sufficiently the number of days. Seeing no error in the record the judgment is affirmed.

*Judgment affirmed.*