GEO. NEINSTEIL, WM. CREVISTON AND J. C. SPEELMAN

v.

WILHELMINA SMITH.

*Defective Bridge—Action for Damages—Liability of Highway Commissioners—Instructions.*

1. In an action against Highway Commissioners to recover damages for injuries caused by a defective bridge, it is held that instructions, from which the jury no doubt inferred that the defendants were bound to know the danger and provide against it, are too broad.

2. It *seems* that Highway Commissioners are not to be regarded as knowing what they might have ascertained as to the dangerous condition of a bridge; that in the discharge of their official duties they are only required to exercise their judgment as reasonably prudent men, and that the duty in question was something more than ministerial in character. The case of *Tearney* v. *Smith*, 86 Ill. 391, distinguished.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Douglas County; the Hon. J. H. HUGHES, Judge, presiding.

Messrs. CRAIG & CRAIG, for appellants.

Mr. A. C. FICKLIN, for appellee.

"The work of constructing or repairing a public highway is not a judicial but a ministerial act, and must be performed with a proper regard to individual rights as well as the public accommodation. Commissioners of Highways are only in a very limited sense judicial officers. Repairing a highway is not of that character. For the negligent performance of ministerial acts, they are personally responsible if injury results to others." Tearney v. Smith, 86 Ill. 391, 395.

Commissioners of Highways are individually liable for injuries resulting from a negligent performance of their duty. McCord v. High, 24 Iowa, 336, 350; Hover v. Barkhoof, 44 N. Y. 113; Robinson v. Chamberlain, 34 N. Y. R. 389; Hum-

phreys v. County of Armstrong, 56 Pa. 204; Garlinghouse v. Jacobs, 29 N. Y. R. 297; Tearney v. Smith, 86 Ill. 391.

WALL, J.   The appellants were Commissioners of Highways. They were notified that a bridge over a stream in their township was in an unsafe condition and they took steps to repair it.   About 200 feet of new work was put over the main channel of the stream, leaving the old parts at the north and south ends with which the new part was connected, and the bridge was then thrown open to public use.

A few weeks later the appellee, while riding over it in a wagon, was injured by the giving way of the old part at the north end, and to recover damages brought this suit.   There was a verdict for plaintiff for $100 and judgment was entered thereon.

The declaration charges that the defendants, knowing the defective condition of the bridge, permitted it to be used by the public.   The evidence shows that it was the intention to replace the old part at the north end with a grade or embankment, but as such work could not be done at that season of the year, the ground being frozen, it was a question whether this old part could be used until the grade could be put in. The evidence tends to show that this was reasonably safe and that it sustained the burden of heavy loads, and the Commissioners were of opinion, as no doubt were many others, that it was sufficient for all ordinary purposes and that it might be used with safety for the time designed.

The court in its written instructions and in its oral remarks before the jury treated the defendants as liable for the injury if they knew of the dangerous condition of the bridge.   It can hardly be said there was evidence upon which to predicate this proposition.   The defendants knew only what could be gained from observation, though possibly had they pursued the investigation far enough and carefully enough they might have discovered what subsequently appeared.   In a certain sense they did know the condition, that is, so far as it was apparent.   Are they to be regarded as knowing what they might have ascertained?

The jury no doubt so understood—that they were bound to know the danger and provide against it. This was the plain inference to be drawn from the expressed views of the court.

It is assumed that such is the teaching of Tearney v. Smith, 86 Ill. 395. In that case the Commissioners of Highways were sued for so negligently digging a ditch as to overflow the lands of the plaintiff. Negligence was charged, and as the court held, very clearly proved, and the inquiry was whether there was liability. The court held affirmatively, and in the course of the opinion remarked that the work of constructing or repairing a highway is not a judicial but a ministerial act, and must be performed with a proper regard to individual rights as well as the public accommodation. This, if applied literally to the case at bar, might be quite misleading. The difference in the cases must be noted. In the present case the defendants are liable, if at all, because they were mistaken as to the condition and strength of the old part, and suffered its renewed and continued use by the public. There was an error of judgment. There was no actual knowledge by them or by any one that the timbers were as rotten as they proved to be, though it was known that they were old, and of course not as good as new. These Commissioners had a peculiar duty to perform. The duty was somewhat imperfect and indefinite. Various considerations— the immediate need of the bridge, the condition of the funds, the most judicious mode of making the improvement, and perhaps others—were to be taken into account, and the situation involved something more than a mere ministerial function. The exercise of judgment was called for, and it is the mistake therein committed upon which this action is based. As was said in Pickerell v. Kunst, 15 Ill. App. 461, the law pertaining to the subject is somewhat unsettled, but the action whenever allowed is grounded upon the neglect of some official duty, upon the performance of which the safety of the individual in respect to person or property depended. If it be conceded that for the negligent performance of duty the Commissioners were liable, and if the performance of duty in-

volved the exercise of judgment, it must be true there was no actionable negligence, if, being reasonably prudent men, they discharged the duty according to their best judgment.

They did not guarantee the safety of their bridges. The law imposes no such obligation.

Responsible and careful men are wanted for such positions but would not accept them if they knew they could be so held. 1 Ch. Pl. 77; Hilliard on Torts, Ch. 29; Shearm. & Red. on Negligence, 166–169 and notes.

We think the jury were misled by the views of the court. The instructions should be limited and qualified as indicated herein.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*