GEORGE E. LOAR ET AL.

v.

CHARLES HEINZ ET AL.

*Highways—Defective Bridge—Injury to Stock—Negligence of Commissioners.*

In an action against county commissioners for allowing unsuitable timber to be used in repairing a bridge, thereby causing injury to the plaintiffs' cattle, this court declines to disturb the judgment of the court below in favor of the defendants.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. JAMES W. ENGLISH, for appellants.

Messrs. MORRISON & WHITLOCK, for appellees:

PLEASANTS, J. This was an action on the case, brought by appellants against two of the county commissioners of Morgan county, for allowing unsuitable and defective timber to be used in repairing a bridge, by reason whereof it fell and injured three of plaintiffs' steers which were being driven over it. The cause was tried by the court on the plea of not guilty, and the finding and judgment were for the defendants.

It appears that on report received of the condition of this bridge the commissioners employed one Fletcher to look after it. He had frequently done work of that kind for the county, and the concurrent testimony is that he was "a safe and reliable bridge builder—none better." He reported that it must be repaired at once and that pine was the only lumber to be had for that purpose, but advised them that pine timbers, eight by eight, would be sufficient. Defendant Kennedy was not a carpenter or bridge builder, nor had he any such knowledge or experience as would justify him in relying on his own judgment in such a matter. Heinz had some experience and was of opinion that the timbers proposed would answer the purpose. Like material of the same dimensions had been used for a like purpose in other bridges, county and railroad, and been found sufficient.

The other commissioner, however, opposed its use in this instance, and it was shown that oak timbers of equal and greater dimensions could have been procured at Jacksonville. This

bridge was in that part of the county which had been assigned to the care of Kennedy, and he, with the approval of Heinz, ordered the repairs to be made as proposed by Fletcher.

It was afterward used for about a year and heavy loads were hauled over it. No complaint of it was heard by the commissioners until this accident occurred. Several witnesses testified that these timbers were broken off square, indicating, as they say, that they were "doted," and that if sound, they would not have been sufficient for such a bridge. The defendants both say that these timbers did not and were not intended to support the bridge. It was about forty-five feet in length, and when it fell there were on it five steers whose average weight was 1,500 pounds.

There is no pretense that defendants wilfully or knowingly authorized the use of unsuitable material or methods in making these repairs. What was or was not suitable in these respects was matter of opinion and to be determined by experts. Reasonable care required that it should be submitted to such.

Defendants, for aught that appears, were as liable to use the bridge as the plaintiffs. If it had been their private property and repaired for their own use, as reasonably prudent men they would have so submitted it.

In this respect the case differs from that of Tearney v. Smith, 86 Ill. 391, and is more like that of Weinsteil v. Smith, 21 Ill. App. 235. If they would be liable for negligence we think the proof of it is not so clear as to warrant us in disturbing the finding of the Circuit Court. At the worst it seems to have been only a mistake of judgment in a matter as to which they were necessitated to exercise it.

The judgment will be affirmed.

*Judgment affirmed.*