## J. H. C. WEISE, ADMINISTRATOR, ETC.,

### v.

## J. R. TATE ET AL.

*Highways—Action Against Commissioners of—Omission of Defendants to Perform Duty—Defective Bridge—Death of Plaintiff's Intestate Caused—Pleading—Officers.*

1. Before a public officer can be made liable for omitting to do something, the obligation to do that thing must be absolute, specific and imperative.

Weise v. Tate.

2.  Where the negligence charged is the omission to do a duty imposed by statute, in order to maintain a suit for damages resulting from such neglect, it is essential to aver in the declaration and to prove that defendants had the means and opportunity to perform the duty in time to avert the injury.

[Opinion filed December 7, 1892.]

APPEAL from the Circuit Court of Washington County; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. GEORGE VERNOR and FORMAN & MERRICK, for appellant.

Mr. CHARLES T. MOORE, for appellees.

MR. JUSTICE GREEN. This suit was brought by the administrator under the statute to recover damages for the death of his intestate. The original declaration consisted of two counts, in substance as follows: Beginning of declaration avers "that J. H. C. Weise, administrator of the estate of Christian Roevekamp, deceased, complains of J. R. Tate, Fritz Greemann and Wilhelm Arning, commissioners of highways of the town of Irvington, in Washington County, State of Illinois, defendants, of a plea of trespass on the case;" further avers, "that defendants, on and before the 5th day of September, 1891, and prior to the death of said Roevekamp, were commissioners of highway of said town of Irvington, and were acting as such at the time of Roevekamp's death;" avers their election and sets forth their duties as such commissioners; further avers "that the defendants not regarding their duty, negligently, carelessly and knowingly permitted a certain bridge, which bridge is located on and over Grand Point Creek, etc., in said town of Irvington, being on a public highway, to become unsafe and very dangerous for travel; that defendants had notice at and prior to the date aforesaid that said bridge was unsafe and dangerous, and of which unsafe and dangerous condition of said bridge the deceased had no notice;" avers "that on the 5th day of September, 1891, in the said town of Ir-

vington, as the said Roevekamp, with all due care and diligence, was then and there driving across said bridge at the time and place aforesaid upon said public highway, in a certain wagon drawn by two horses, the said bridge gave way and broke down by reason of its unsafe and dangerous condition; thereby the said Roevekamp was cut, bruised and mangled, of which injury then and there received the said Roevekamp instantly died;" avers "that said Roevekamp left surviving him Louise Roevekamp, his widow, and Anna, Henry, John and Clara, his children, all minors, and they by reason of the death of said Roevekamp have been deprived of their means of support." Second count of declaration substantially the same as the first count; alleges damages in sum of $5,000, and makes profert of letters, etc.

A general demurrer to this declaration was sustained and leave was granted to amend.

Amended declaration as to first count avers in addition to averments in original declaration, "That it was the duty of defendants to ascertain by inspection and examination the condition of bridges in their respective town, and it is their further duty to place a notice of warning on or about the approaches of any such bridge, not found safe, notifying the public that said bridge was unsafe and dangerous for travel;" avers "that defendants further, not regarding their duty, permitted said bridge to remain in said unsafe and dangerous condition, without in any manner or form giving notice to the public that said bridge was unsafe for travel, and for which failure, then and there made themselves criminally negligent and liable on account of said palpable omission of duty;" further avers "that said town of Irvington had at its disposal at the time aforesaid and just prior thereto sufficient funds with which to defray the expenses of repairing said bridge," and further "that the tax levied by the commissioners of said town of Irvington for the fiscal year, to wit, 1891, was sufficient to cover all necessary expenditures for maintaining and keeping in repair the public highway;" avers "that it was the duty of defendants to repair said bridge and give order on

their treasurer for the amount necessary to defray the expenses of said repairs to the extent not beyond the amount of funds on hand, and of the tax actually levied by them. Amendment to second count of declaration avers substantially the same as in first count. To the declaration as amended, a general demurrer was sustained, and plaintiff electing to abide by the amended declaration a judgment against him for costs was entered, and he took this appeal. The demurrer was properly sustained. The amended declaration is not based upon negligent acts committed by defendant in the performance of official duty, but upon an omission to perform duties imposed upon them by the statute. " Before a public officer can be made liable for omitting to do something, the obligation to do that thing must be absolute, specific and imperative." Shearman and Redfield on Neg., Sec. 314, and note.

We apprehend, also, where the negligence charged is the omission to perform a duty imposed by statute, that to maintain a suit for damages resulting from such alleged omission, it is essential to aver in the declaration and establish by the proof that defendant officers were afforded means and opportunity to perform the duty in time to avert the injury. In this case, if it be conceded that it was the duty of appellees to repair this particular bridge, and it was not in safe condition when deceased attempted to cross it, and by reason of failure to repair the accident and injury to him occurred, yet if defendants had no notice of its unsafe condition a sufficient time before the accident to have enabled them to put it in proper repair by that time, or if they did not have under their control the means provided by law for that purpose, this action will not lie. It is averred in the declaration, as amended, that the defendants had notice at and prior to the time of the accident that said bridge was unsafe and dangerous, but it is not averred how long before or that they had such notice a sufficient length of time before the accident to enable them to repair the bridge and thus prevent the injury. The duty of defendants to ascertain by inspection and examination

the condition of the bridge is averred, but it is not averred
they omitted this duty.   It is also averred that it was
the duty of defendants to place a notice of warning on or
about the approaches of any such bridge not found safe,
notifying the public that said bridge was unsafe and dan-
gerous for travel, but it is not averred the omission to put
up such notice induced deceased to believe the bridge was
safe or in any way brought about the accident, but that
by such omission defendants "made themselves criminally
negligent and liable." The averments with regard to the
means to repair the bridge are, "that said town of Ir-
vington had at its disposal at the time aforesaid and just
prior thereto sufficient funds on hand with which to defray
the expenses of repairing said bridge, and further that the
tax levied by commissioners of said town for the fiscal year
1891, was sufficient to cover all necessary expenditures for
maintaining and keeping in repair the public highway."

By the provisions of Sec. 10, Chap. 121, Rev. St., it is
required that commissioners of highways shall elect one of
their number treasurer, who shall receive and have charge
of all moneys raised in the town for the support and main-
tenance of roads and bridges, and shall hold such moneys
subject to the order of the commissioners and pay them over
upon the order of said commissioners or a majority of the
board. The treasurer, therefore, was the custodian of all the
moneys that defendants were authorized to control and use
for the repair of this bridge and it is not averred he had any
funds on hand.   The town of Irvington might have had at
its disposal sufficient funds with which to defray the ex-
penses of repairing said bridge, but the defendants were with-
out lawful power to demand such funds and use and appro-
priate them for that purpose.   As to the averment that the
tax levied was sufficient to cover all necessary expenditures
for maintaining and keeping in repair the *public highway*,
we remark that it is not alleged the highway was that
in which the bridge was located, nor that the tax levied
could be used by defendant in repairing said bridge.   After
a careful examination of the declaration as amended we

have reached the conclusion it is fatally defective, because the averments thereof do not show that the defendant officers were afforded the means and opportunity to perform the duty alleged to have been omitted in time to enable them to repair said bridge and avert the accident. The court did not err in sustaining the demurrer. Pickerell v. Kunst, 15 Ill. App. 461; Neinsteil v. Smith, 21 Ill. App. 235.

The judgment is affirmed.

*Judgment affirmed.*