Michael Tearney *et al.*

*v.*

Charles C. Smith.

1. Commissioners of highways — *liability for injury from constructing ditches, etc., along road.* Commissioners of highways are individually liable in an action on the case for making a drain or ditch, and a grade or embankment, so near the land of a party, and in so unskillful and careless a manner, as to cause the rain and surface water running from such drain to flow upon the plaintiff's premises to his injury.

2. The work of constructing or repairing a public highway is not a judicial, but a ministerial, act, and must be performed with a proper regard to individual rights as well as the public accommodation, and for the negligent performance of ministerial acts the commissioners of highways are personally responsible if injury results to others.

3. Condemnation of land — *for road, what rights acquired by.* The acquisition of land by condemnation for a public road, and the payment of the damages awarded to the owner, will give the public the right to construct a highway over it in the mode and manner deemed most expedient, and the owner can not afterwards recover for injuries then shown that he must unquestionably suffer; but such condemnation is no bar to a suit by the land owner for a subsequent injury growing out of negligence and unskillfulness in the public authorities in constructing drains in the highway, resulting in serious injury to the owner.

4. Use of one's own property — *to whom rule applies.* The maxim that no one has a right to use his own so as to injure another, applies as well to townships as to incorporated cities and natural persons. Such bodies must exercise their rights in such a manner as to inflict no avoidable injury upon an individual.

Appeal from the Circuit Court of Will County ; the Hon. Josiah McRoberts, Judge, presiding.

This was an action on the case, by Charles C. Smith against Michael Tearney, Peter Corbin, and Dennis Scanlan, who were commissioners of highways. The declaration, omitting the formal parts, charged as follows:

"For that whereas the said plaintiff, heretofore and at the time of the committing of the grievances hereinafter mentioned, was, and from thence hitherto has been, and still is, lawfully possessed of certain lands and premises, with the appurtenances, situate in the county aforesaid, which said land and premises the said plaintiff, before and at the time as aforesaid, used and enjoyed, and of right ought to have used and enjoyed, and still of right ought to use and enjoy, to wit, in," etc. ; "nevertheless the said defendants, acting at the time aforesaid, and long before and hitherto have acted and still act, as commissioners of highways of the township of Wilmington in the county aforesaid, having the care and superintendence of the highways and bridges therein, contriving and unjustly intending to injure, prejudice and aggrieve the said plaintiff in the possession, use, occupation and enjoyment of his said lands and premises, and to render the same incommodious and unfit for tillage, and of little or no use or value to the said plaintiff, whilst the said plaintiff was so possessed thereof and so used and enjoyed the same as aforesaid, to wit, on the day and year aforesaid and in," etc., "wrongfully and unjustly cut, dug, and made, and caused and procured to be cut, dug, and made, a certain ditch, drain, trench, and channel, and wrongfully and unjustly built thereupon, made, and erected, and caused and procured to be built thereupon, made, and erected, a certain grade, embankment and repair near to the said lands and premises of the said plaintiff in so careless, negligent, and improper a manner, and kept and continued the said ditch, drain, trench, and channel, and the said grade, embankment, and repair, for a long space of time, to wit, from thence hitherto, that by reason thereof afterwards, to wit, on the day and year aforesaid and on divers other times afterwards, and before

the commencement of this suit, divers large quantities of rain water, and surface water, and standing water ran and flowed from the said ditch, drain, trench, and channel, and from and along the said grade, embankment, and repair, down to, upon, and against, and into the said lands and premises of the said plaintiff, and walls, banks, ditches, fences, soil, and other parts thereof and therein being, and thereby greatly injured and damaged the said lands and premises of the said plaintiff, and the said fences, walls, banks, ditches, soil, and other parts thereof, and by reason of the premises the said lands and premises of the said plaintiff became and were and are wet, swampy, and less fit for use, occupation, and cultivation ; and also, by reason of the premises, the rain water, surface water, and standing water aforesaid ran and flowed in a different direction or channel, and with much greater force and increased violence and impetuosity than it of right ought to have and otherwise would have done, unto and against the lands and premises of the said plaintiff, and the fences, banks, walls, soil, and other parts thereof as aforesaid, and undermined, washed away, damaged, and destroyed the said lands and premises of the said plaintiff, and the fences, banks, walls, soil, and other parts thereof, whereby the plaintiff has suffered great damages, to wit,'' etc.

The defendants pleaded not guilty, and a trial was had, resulting in a verdict and judgment in favor of the plaintiff for $100.

Messrs. MUNN & MUNN, for the appellants.

Messrs. BURTON & SMITH and Mr. G. D. A. PARKS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the circuit court of Will county, to reverse a judgment recovered therein by Charles C. Smith, plaintiff, and against Michael Tearney, Peter Corbin,

and Dennis Scanlan, defendants, in an action on. the case. The *gravamen* of the action was, the careless, improper, and negligent manner in which the defendants, as commissioners of highways of the town of Wilmington, cut and dug a drain, ditch, trench, and channel, and a grade and embankment, so near the premises of the plaintiff, and so unskillfully, as to cause the rain and surface water running from these ditches and drains into and upon the lands of the plaintiff, to their injury and to the injury of certain walls, fences, and ditches which plaintiff had made upon his premises to carry off the surplus water.

The facts were sufficiently established that the unskillful and careless manner in which the defendants discharged their duty as highway commissioners, in this regard, inflicted a serious injury, but they insist, on this appeal, that as the land so graded and ditched had been theretofore condemned for the use of a highway, and all the damages assessed fully paid to plaintiff, all right of action is gone. It is claimed by appellants, where land has been regularly condemned for a public purpose, the compensation awarded as damages for such condemnation includes all the damages, present and prospective, direct and consequential, that would or could result to the land not taken in the construction of the improvement upon the land so taken for such public purpose.

This proposition is the basis of appellants' defense, and most strongly pressed upon our attention. It is true, some twenty years prior to the acts of which complaint is made, appellee being the owner of the land, he, with others, signed a petition for the establishment of the road in question; the road was laid out, appellee receiving such compensation as was then awarded him, whether for the value of the land actually taken or as damages to adjacent lands does not appear.

By the condemnation of this land the public had an undoubted right to construct a highway over it, which was done in a mode and manner then deemed most expedient.

In conformity with this action of the public authorities, appellee was at great expense in making ditches and drains to carry from his cultivated fields the surplus water. Appellee received compensation for those injuries, if any such were estimated, which it was then shown he must unquestionably suffer, but not for remote, possible, and uncertain injuries. It could not then be known that highway commissioners, regardless of private rights, and careless and unskillful in the conduct of their business, would, at a future time, years thereafter, be found in office, who, by ill-adapted artificial means, should inflict a grievous injury upon the proprietor of the adjacent lands.

We think the principle underlying this case has been often recognized and sanctioned by this court, and that is, the public has no right so to use its own as to injure another. This principle obtains, as well, it seems to us, to townships as to incorporated cities. The cases of *Nevins* v. *Peoria*, 41 Ill. 502, and *Pekin* v. *Brereton*, 67 id. 477, fully establish the principle that cities must exercise their rights in such manner as to inflict no avoidable injury upon an individual.

As to the negligence of the defendants, the proof is sufficient. Intelligent men testified that, had the channels made by appellants been continued, or a ditch constructed along the road to the creek upon the west, or by connecting with appellee's long-established ditch leading to this creek, by another ditch and at a reasonable cost, the highway would have been well drained and appellee's premises uninjured. Appellee offered to pay one-half the cost of a ditch to the creek, but appellants declined to pay more than one-fourth the expense.

There is no doubt, from the testimony, that appellants so constructed the grade of this road as to cause an injurious flow of water upon appellee's premises, and which could have been reasonably avoided. The work of constructing or repairing a public highway is not a judicial, but a ministerial, act, and must be performed with a proper

regard to individual rights as well as the public accommodation. Commissioners of highways are only in a very limited sense judicial officers; repairing a highway is not of that character. For the negligent performance of ministerial acts they are personally responsible if injury results to others. There are strong indications in this case of a want of that care which prudent men exercise in the management of their own concerns, and a seeming recklessness of plaintiff's rights.

Entertaining these views, we are of opinion the court properly disposed of the instructions asked on both sides. The judgment is affirmed.

*Judgment affirmed.*