THE PEOPLE, use of H. & L. Williams,

*v.*

HERMANN G. WEBER *et al.*

1. PLEADING—*plea professing to answer the whole cause of action, but does not.* Where a plea professes, in its commencement, to answer the whole cause of action, but in fact answers only a part, the whole plea is bad.

2. In an action upon the official bond of a sheriff, the breach assigned being the neglect and failure to execute a writ of *fieri facias*, and a false return to the execution of no property, it was averred in the declaration that there was, during the lifetime of the execution, real estate as well as personal estate of the defendant in execution within the county, subject to execution, out of which the money mentioned therein might have been made, and a plea thereto, professing, in its commencement, to answer the whole cause of action, answered only as to the personal estate, and nothing in respect of the real estate. The plea was held bad on general demurrer because it failed to answer the whole cause of action as it professed to do in its commencement.

3. PRACTICE—*where demurrer is overruled as to one of several pleas in bar, the other pleas remaining unanswered—of the proper judgment.* Where there are several pleas in bar in an action at law, and a demurrer to one of them overruled, the others remaining unanswered, it does not follow, necessarily, that because some of the pleas were unanswered they shall stand admitted, so that upon overruling the demurrer to the plea to which it was interposed, a judgment against the plaintiff in bar of his action shall stand notwithstanding it may result, upon error, that such demurrer was improperly overruled. To justify such a judgment for the reason the pleas were not answered, it should appear that some direct and specific action of the court had been had with respect to the unanswered pleas, as, a rule to plead, or at least giving judgment formally for want of a replication, so as to make known the giving of such judgment and have afforded an opportunity for the avoidance of a judgment in bar of the action for such cause.

4. In such case, where, upon overruling a demurrer to one of the pleas, although the other pleas remain unanswered, a judgment against the plaintiff which in form is a general judgment in bar of the action, but it not appearing specifically that such a judgment was rendered in respect of the unanswered pleas, will be regarded as a judgment against the plaintiff in bar of his action upon the issue of law which had been formed upon the plea to which the demurrer was interposed, and that the issue thus formed being found against the plaintiff, for that reason, and none other, judgment was given against him,—so that, if, upon error, it be found the demurrer was improperly overruled the judgment will be reversed, notwithstanding the unanswered pleas.

5. Moreover, the joining in the issue of law by the defendant, on such a state of the pleadings, and proceeding to have it determined without raising any objection then, or at any other time, that the other pleas had not been answered, may be regarded as an implied waiver of answer to them until after the final determination had upon the issue of law.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. C. W. & E. L. THOMAS, for the plaintiffs in error:

The fourth and fifth pleas are bad, because they profess in their commencement to answer the whole declaration, but in fact answer only a part. *Snyder* v. *Gaither et al.* 3 Scam. 91; *Frink et al.* v. *King,* id. 144.

The fourth plea attempts to rely upon the statute. Pleading a statute is merely stating the facts which bring the case within it, without making mention or taking any notice of the statute itself. Stephens' Pleading, 348, note; Gould's Pleading, chap. 3, sec. 16, note; *Columbia* v. *Beasly,* 1 Humph. (Tenn.) 232.

This plea is a special plea and must present some special and well defined issue. The plea is that there was a reasonable doubt, etc.; the replication would be that there was *no* reasonable doubt, etc.

By what means could such an issue be proved? It presents therefore, in its main allegation, (in regard to the right to demand an indemnity bond,) nothing upon which issue could be taken, and comes within the rule laid down by elementary writers on pleading, and is bad on demurrer. Gould's Pleading, chap. 4, part 2, secs. 96, 97.

The fifth plea sets up as a complete defence to the action, that the defendant in execution had chattel property in his possession during the lifetime of the execution, but had given a chattel mortgage upon the same for $5,000, duly recorded, etc., containing the usual clause that the mortgagor might retain possession until the property was levied upon by virtue of executions, etc., then the mortgagee might take the same,

etc.   It does not allege that the mortgagee ever took possession of the property, but says that "for the reason of the existence of said chattel mortgage the said defendant could not levy upon said property, and this the defendant is ready to verify," etc.   This is undoubtedly no legal excuse for not levying the execution, and is therefore no defence to this action.   *Derby* v. *Beach,* 19 Ill. 617; *Pike* v. *Colvin,* 67 id. 227; *Simmons* v. *Jenkins' Admr.* 76 id. 479.

Mr. R. A. HALBERT, and Mr. G. A. KŒRNER, for the defendant in error:

It is sufficient for this case, without reference to the fourth and fifth pleas, that there were other pleas which seem to be unobjectionable, and to which there were no demurrers or replications.   The court below, therefore, could do no less than render judgment against the plaintiffs.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of debt, upon the official bond of the sheriff of St. Clair county for the faithful discharge of the duties of his office, brought against the sheriff and his sureties in the bond, the breach assigned being the neglect and failure to execute a writ of *fieri facias,* and a false return to the execution of no property.

The pleas were, 1. *Nil debet*; 2. General performance; 3. That during the lifetime of the execution the defendant therein had no property, real or personal, subject to execution; 4. That during the time when, etc., there was reasonable doubt as to the ownership of the goods in the declaration mentioned, and as to their liability to be taken on the execution, and thereupon the sheriff demanded and required of the plaintiffs in the execution sufficient security to indemnify him for taking the goods, which the said plaintiffs refused to give; 5. That the defendant in the execution had given a valid chattel mortgage on the goods which was in full force and effect during all the time when, etc., and that for the rea-

son of the existence of such mortgage the sheriff could not levy upon the goods. There was a general demurrer to the fourth and fifth pleas, which the court overruled, and the plaintiffs electing to stand by their demurrer, the court rendered judgment thereon in favor of the defendants and against the plaintiffs for the costs of the suit. The first three pleas were entirely unanswered either by demurrer or replication.

The overruling of the demurrer to the fourth and fifth pleas and rendering judgment against the plaintiffs is assigned for error.

It is sufficient to say of these pleas that they profess in their commencement to answer the whole cause of action but in fact answer only a part, and therefore the whole pleas are bad. *Snyder* v. *Gaither et al.* 3 Scam. 91; 1 Chit. Pl. 555.

The declaration avers that there was, during the lifetime of the execution, real estate as well as personal estate of the defendant in execution within the county, subject to execution, out of which the money mentioned therein might have been made, and the pleas answer only as to the personal estate and nothing in respect of the real estate. For this reason at least, the demurrer to the pleas should have been sustained. All the answer now made by defendants is, that there were other pleas filed which were unanswered, and therefore stood admitted, and that the court below could do no less than render judgment against the plaintiffs, and that if that judgment was not warranted by the fourth and fifth pleas, it was by the others which stood admitted. We do not recognize any such rule of practice. Merely because the pleas were not answered, they did not stand admitted. They remained unanswered no doubt from inadvertence, or the understanding that they were not to be answered to, until the sufficiency in law of the fourth and fifth pleas was determined. In these two pleas, not unlikely, the whole merits of the case were involved, and what was mainly important was to have their sufficiency as a defence first determined.

To justify the judgment here, for the reason that these pleas

were not answered it should appear, as it does not, that some direct and specific action of the court had been had with respect to the pleas, as, rule to plead, or at least giving judgment formally for want of a replication, so as to have made known the giving of such judgment and have afforded an opportunity for the avoidance of a judgment in bar of the action for such cause, and not have an unforeseen advantage taken of a mere inadvertence or misunderstanding. Had the court avowedly proceeded to render a judgment against the plaintiffs in bar of their action because these three pleas were unanswered, it is not to be supposed they would have unresistingly suffered such a judgment to go.

But the court in fact rendered no judgment against the plaintiffs in respect of these pleas which were not answered. It rendered its judgment against the plaintiffs in bar of their action upon the issues of law which had been formed upon the fourth and fifth pleas, which issues it found against plaintiffs, and thereupon, and for no other cause, gave judgment against plaintiffs. It is the correctness of the finding upon those issues of law and the judgment thereon, which alone is before us for review, and we hold it to be erroneous that the demurrer to the pleas should have been sustained.

The joining in the issues of law by the defendants and proceeding to have them determined, without raising objection then, or at any other time, that the other pleas were not answered, may be regarded as an implied waiver of answer to them until after the final determination had upon the issues of law.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*