# CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

## v.

## WILLIAM SCHAFFER.

*Railroads—Defective Bridge—Successive Actions for Overflowing Adjoining Premises—Contributory Negligence—Former Recovery—Loss of Growing Crops—Measure of Damages—Evidence—Opinions of Witnesses—Extraordinary Storm—Question for Jury.*

1. Where the amount of damage sustained is a matter of opinion, and it is difficult to give the jury an adequate idea of the thing injured, the witnesses may be permitted to express their opinions as to the extent of the damage.

2. The measure of damages for the loss of growing crops is their value at the time of the loss. To determine this, evidence as to their probable yield, if the loss had not occurred, is admissible.

3. In an action against a railroad company to recover damages for overflowing the plaintiff's lands by means of a defective bridge, the defendant can not defend on the ground that the plaintiff contributed to the injury complained of by constructing and maintaining a levee, which was so constructed before the bridge was built. It was the defendant's duty to build the bridge with reference to existing conditions.

4. In the case presented, whether the injury complained of was due to an extraordinary storm, was a question for the jury.

5. Where a permanent structure is lawfully and properly erected by a railroad company, a cause of action thereby arising in favor of an adjoining property holder is an entirety on account of which there can be but one recovery. But if the structure is faulty in construction, prospective damages can not be recovered, and successive actions may be maintained as often as injury is thereby occasioned.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. J. F. CARROTT and O. F. PRICE, for appellant.

The opinion of a witness that any damage was done to the land is not admissible; and the question as to whether or not this land was damaged should have been left exclusively to the jury to find, from descriptions given by the witnesses of

the land, its value, and the particular injuries done to it. Evansville, etc., R. Co. v. Fitzpatrick, 10 Ind. 120; Farrand v. C. & N. W. Ry. Co., 21 Wis. 435; Harrison v. Iowa Mid. R. Co., 36 Iowa, 323; Ala. & F. Ry. Co. v. Burkett, 42 Ala. 83; C. & A. R. R. Co. v. S. & N. W. R. R. Co., 67 Ill. 142.

The defendant company, under the law, was only required to construct the bridge with such care and skill as to make it sufficient for all ordinary floods and freshets. P., Ft. W. & C. R. R. Co. v. Gilleland, 56 Pa. St. 445; Norris v. Vt. Cent. R. Co., 28 Vt. 99; Henry v. Vt. Cent. R. Co., 30 Vt. 638; Sprague v. City of Worcester, 13 Gray, 193; Smith v. Agawam Canal Co., 2 Allen, 355; Town of China v. Southwick, 12 Me. 238; Lawler v. Baring Boom Co., 56 Me. 443.

The pleadings in the former action show that the same questions were in issue in that case that were in issue in this case, and the record further shows that the former case was tried on its merits, and that there was a verdict for the plaintiff for $600, on which the court entered judgment, and that said judgment was afterward paid and satisfied in full. Hence, it necessarily follows that the former judgment is conclusive upon all questions which were put in issue, or might have been put in issue, in the former case. Fowle v. N. H. & N. Co., 112 Mass. 334; Stodghill v. C., B. & Q. R. R. R. Co., 53 Iowa, 341; Hahn v. Miller, 68 Iowa, 745.

Messrs. CARTER & GOVERT, for appellee.

"A recovery for erecting a nuisance bars another action for the erection, but not other actions for the continuance of the nuisance." Staple v. Spring, 10 Mass. 72, 74; Hodges v. Hodges, 5 Met. 205.

"Where a stream was obstructed wrongfully, and several years later this act caused the plaintiff's land to be overflowed, it was held that the Statute of Limitations ran only from the later event." Devery v. Grand Canal Co., Ir. R. 9 C. L. 194; Schoch v. Forman, 3 Brewst. 157; Gould on Waters, Sec. 210.

"In an action for injury to the plaintiff's land by backwater, the measure of damages is the actual injury to the land by

the overflow (Phinizy v. Augusta, 47 Ga. 260), or its fair rental value from the time when the injury commenced to the date of the writ." Baldwin v. Calkins, 10 Wend. 167; Chicago v. Huenerbein, 85 Ill. 594.

In these cases, only the damages actually accrued before action brought can be recovered; and any further damage must be recovered in a separate action when it actually accrues. Waggoner v. Jermaine, 3 Denio, 306; Baldwin v. Calkins, 5 Wend. 167; Philipp v. Terry, 42 N. Y. 313; Whitemore v. Bischoff, 5 Hun, 176; Duryea v. Mayor, 2 Hun, 120; Beckwith v. Griswold, 29 Barb. 291; Thayer v. Brooks, 17 Ohio, 489; Polly v. McCall, 1 Ala. Sel. Cas. 246, 37 Ala. 20; Stein v. Burden, 24 Ala. 130; Savannah Canal Co. v. Bourquin, 51 Ga. 378; Shaw v. Etheridge, 3 Jones, 300; Burnett v. Nicholson, 86 N. C. 99; Duncan v. Markley, 1 Harper, 276; Langford v. Owsley, 2 Bibb, 215; Cobb v. Smith, 38 Wis. 21; Hazeltine v. Case, 46 Wis. 391; Dorman v. Ames, 12 Minn. 451; Clark v. Nevada Mining Co., 6 Nev. 203; McConnell v. Kibbe, 29 Ill. 483.

WALL, J. Appellee recovered a judgment against appellant for $500 for damage occasioned by erecting and maintaining a railroad bridge across a water-course called "Harkness Branch," whereby the natural flow of water was obstructed, causing the land of appellee to be overflowed.

The first objection urged is to the admission of evidence offered by appellee, consisting of the opinions of witnesses as to the amount of damages. Counsel press the point that the witnesses should have been restricted to a description of the premises, leaving the jury to estimate the damages for themselves. Such testimony is often received, and while, in a certain respect, it may trench upon the province of the jury, yet it is competent. The witness must, of course, show his knowledge of the subject and some ability to form such an estimate. Where value is a matter of opinion the lessening of that value by an injury must also be a matter of opinion, and because of the great difficulty of giving the jury an adequate description of the thing injured, it is not unusual to permit the witness to express his opinion as to the extent of the damage. Some-

what from necessity such evidence, under an exception to the general rule, is admitted.' Ottawa v. Graham, 35 Ill. 346; G. & S. E. R. R. Co. v. Haslam, 73 Ill. 494; C. & St. L. R. R. Co. v. Woosley, 85 Ill. 370.

By cross-examination the merit of the opinion may be thoroughly tested, the information, interest and capacity of the witness being considered, and the jury can thus have the means of giving it such weight as it may seem to deserve. Other evidence complained of was as to what the crops destroyed would have yielded had they progressed to maturity. As to this item the measure of damages would be the value when the loss occurred, which, of course, would involve something as to the prospect of maturing favorably. Intrinsically the immature crop had no value of importance, nor would it sell in the market at any definite sum. It was proper to ascertain what would have been the probable yield if properly cared for and with the ordinary season, and in this way the then value could be approximated. Had the witness been required to give his opinion as to the value at that time he would have taken these considerations into account in making his reply. We think the evidence was competent.

It is objected that appellee had, by constructing and maintaining a levee on his premises, increased the flow of water in the Harkness Branch, and thereby so contributed to the result that he should not be allowed to recover. It appears, however, this condition of things existed before the bridge was built, and therefore the objection is untenable. Appellee having lawfully made the levee before the bridge was put there, had the right to maintain it thereafter, and appellant can not justly say that this act of appellee has increased the danger of overflow, for it was the duty of appellant when building the road, to consider the situation as it then was and make such provision as that situation required.

Appellant urges that it is not liable because the overflow was due to a storm of extraordinary and unusual character against which it was not bound to provide. This was a fair question of fact for the jury under proper instructions, and, after fully considering the evidence, we find no occasion to interfere with the finding in this respect.

It is also urged that appellee neglected to take measures to avert or modify the danger growing out of the presence of the bridge by making certain improvements on his premises; but we see no force in the point thus made, nor are we able to agree with appellant that the damages are so excessive as to warrant us in setting aside the judgment.

We come to what we deem the important question in the case, which is as to the legal effect of a former suit between these parties. At the March term, 1884, of the Adams Circuit Court, the appellee recovered a judgment against appellant for $600 on account of damages sustained by reason of similar injuries, prior to October, 1883. That judgment was paid and it is insisted it constitutes a bar to the present action. We may assume the cause of action set up in each declaration is in substance the same, the claim in the present case being expressly limited, however, to such damages only as have occurred since the commencement of the former suit.

Where a permanent structure is lawfully erected by a railroad company upon its right of way, and thereby an injury is occasioned to adjoining property, if the structure is properly built with reference to its use, and so as to produce no unnecessary damage, the cause of action thus arising is an entirety. When suit therefor is brought it should embrace all claims, prospective as well as present, and the whole demand inures to the then owner, and will not pass by conveyance of the land to a subsequent owner. One recovery will bar all future actions for the same cause. But it is an essential element of this doctrine that the structure is permanent in its character, and that it is properly constructed. Where the construction is faulty and imperfect the rule does not apply.

In such cases the company has not performed its duty in that behalf, and is guilty of negligence. The structure so negligently erected may properly be deemed a nuisance, which it may be presumed will not be permanent, and for the continuance of which successive actions may be maintained as often as injury is thereby occasioned. Here it is distinctly averred that the defendant, by the means aforesaid, wrong-

fully obstructed the flow of the water.   Under this allegation
evidence was heard as to the character and fitness of the
structure, for the purpose of allowing the passage of water,
and at the instance of defendant the court instructed the jury
that unless the bridge was improperly or negligently con-
structed by the defendant, and the plaintiff's injury thereby
occasioned, the verdict should be for defendant.

Several instructions were given for defendant in which this
point was repeated, and while in those given for plaintiff this
limitation does not appear, yet no objection is taken to them
in this respect.   It is apparent the jury were made to under-
stand that the negligent construction of the bridge was an
indispensable feature of the plaintiff's case, and it must be
assumed that the verdict is based upon a finding that there
was such negligence.

The distinction here stated will reconcile an apparent con-
flict in the authorities cited, and the propriety of it is well illus-
trated by the facts in the present case.   Had the plaintiff in
the first trial sought to recover prospective damages, the
defendant might well have insisted that it was not to be pre-
sumed a defective bridge would be continued permanently.
Such a structure would not only occasion loss to the plaintiff,
but an equal if not greater loss to the defendant, in the destruc-
tion of its track and embankment, and in the interruption of
its traffic; and if another and better mode of construction was
reasonably practicable, it would doubtless be adopted.   Hence
it would be unjust to assess damages upon the theory that the
nuisance would be permanent, and the plaintiff might bring
new actions as he had new injuries.   We reach the conclu-
sion, therefore, that if the bridge was improperly and imper-
fectly built, in the respect complained of, it would be competent
to bring several actions, as occasion might require, and that
the former action was not, as a matter of law, a bar to the
present.   This view disposes of objections urged to the action
of the court in reference to instructions on this branch of the
case.   As bearing upon the point under consideration, see
I. C. R. R. Co. v. Allen, 39 Ill. 205; I. C. R. R. Co. v. Gra-
bill, 50 Ill. 248; C. & A. R. R. Co. v. Maher, 91 Ill. 312; C.

& E. I. R. R. Co. v. Loeb, 118 Ill. 203 ; Wood on Nuisances, Secs. 865 to 869, and citations.

We deem it unnecessary to consider other objections urged in the brief as they are minor in their character, and appear to be quite untenable. Finding no substantial error in the record, we affirm the judgment.

*Judgment affirmed.*