# Martha J. Allen

## v.

## Michael Michel et al.

*Highways—Pleading—Overruling of Demurrer—Pleas not Necessarily to be Taken as Confessed—Action on Case—General Issue—Right by Prescription—Acquiescence—Damage to Private Owner from Improvement of Highway—Right to Compensation—When Evidence as to Damages Subsequent to Commencement of Suit Inadmissible.*

1.    Where demurrer to pleas is overruled and the case goes to trial, the pleas demurred to are not to be taken as confessed, the defendants, upon the overruling of the demurrer, not having asked for a rule upon plaintiff to reply, or for judgment for want of replication.

2.    In an action on the case, under the general issue, the plaintiff is put upon proof of the whole charge in the declaration, so far as necessary to make out a cause of action, and the defendant may show any matter in discharge or excuse.

3. Where a right by prescription is alleged as defense, the acquiescence of the plaintiff is an essential element necessary to be established by the defendant, mere knowledge not being sufficient, and evidence tending to prove non-acquiescence is competent.

4. In an action brought by the owner of land adjacent to the highway against the commissioners and overseer of highways for unlawfully and negligently cutting a ditch along the highway, thereby diverting water from its natural course and overflowing plaintiff's land, the fact, if true, that the action of defendants was in good faith and necessary to the proper construction of the road, does not constitute a defense.

5. Where, in such action, the structure complained of was negligently constructed, without lawful authority, it may be regarded as a nuisance, and fresh actions may be brought as often as injury is done; hence, evidence as to damages subsequent to the commencement of the suit is inadmissible.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. WISE & DAVIS, for appellant.

While the owner of lower lands shall receive all water that naturally flows from the next higher lands, the owner of the higher lands may not open or remove natural barriers, and let on such lower lands water that would not otherwise naturally flow in that direction. Anderson v. Henderson, 124 Ill. 164; Dayton v. Drainage Commissioners, 128 Ill. 271.

" The same law that protects my right of property against invasion by private individuals, must protect it from similar aggression on the part of municipal corporations. A city may elevate or depress its streets as it thinks proper, but if, in so doing, it turns a stream of mud and water upon the grounds of one of its citizens, it will not be excused from paying for the injuries it has wrought." Nevins v. City of Peoria, 41 Ill. 502; Gillham v. The Madison County R. R. Co., 49 Ill. 484; City of Aurora v. Gillett et al., 56 Ill. 132; City of Aurora v. Reed et al., 57 Ill. 29; City of Jacksonville v. Lambert, 62 Ill. 519; City of Dixon v. Baker, 65 Ill. 518; Toledo, Wabash & Western Ry. Co. v. Morrison, 71 Ill. 616; Rigney v. City of Chicago, 102 Ill. 64.

The principle that the public has no right so to use its own

as to injure another, pertains as well to townships as to incorporated cities.    Tearney et al. v. Smith, 86 Ill. 391.

When a wrongful act is done, producing an injury which is not only immediate, but from its very nature is permanent and must continue to produce injury independent of any subsequent, wrongful act, then all damages resulting both before and after suit brought may be estimated and recovered in the action.    Cooper v. Randall, 59 Ill. 321; Chicago & Northwestern Ry. Co. v. Hoag, 90 Ill. 339; Sedgwick on Damages, 102; Felter v. Beal, 1 Ld. Raym. 339.

To make the use of an easement in land of another for twenty years conclusive of the right, the use must be adverse, uninterrupted and with the knowledge and acquiescence of the owner of the land, and each of these qualities or ingredients essential to the maintenance of the claim, is open to contradiction and liable to be disproved.    Chicago & Northwestern. Ry. Co. v. Hoag, 90 Ill. 339.

The defendants below, by pleading the statute of limitations and an easement to flood the plaintiff's land by means of the ditch and embankment complained of, tendered an issue of permanent right so to do, "and the judgment entered in the cause is conclusive of the right in issue, and binding upon the parties and their privies.    In a case like this, and especially upon this issue, if the defendants did the act charged and fail to sustain their plea justifying the act, the law implies some damage, and the verdict must be for the plaintiff for nominal damages, if no other be proved.    Whitmore v. Cutter, 1 Gall. 429;  Field on Damages, 680;  Monroe v. Stickney, 48 Me. 462; Stilwell v. Lincoln, 11 Gray, 434;  Mellor v. Pilgrim, 7 Ill. App. 306, and the maxim ' *de minimis non curat lex* ' has no application in such case, and is not acted upon by an appellate tribunal."    Merrill v. Dibble, 12 Ill. App. 85;  Doud v. Guthrie, 13 Ill. App. 653;  Plumleigh v. Dawson, 1 Gilm. 544; Pfeiffer v. Grossman, 15 Ill. 53.

Mr. JOSEPH S. CARR, for appellees.

WALL, J.    This was an action of trespass on the case against Michel, Wade and Besterfeldt, as commissioners, and Worthy

as overseer of highways of Elsah township, in Jersey county. The declaration complained of the defendants for unlawfully and negligently cutting a ditch along the east line of the Jerseyville and Elsah road, a public highway in said township, through a small hill or elevation on said road, and making an embankment or fill at a low place or depression on said highway just north of said hill, by means whereof the flow of surface water from plaintiff's land and land adjoining hers on the north was diverted from its natural course to the west across said highway at said depression and made to flow south through said ditch and onto plaintiff's land to her damage, etc., her land being S. ½, E. ½, N. E. ¼ of Sec. 6, T. 6 N., R. 11, in said county, improved and used for purposes of cultivation, said Absalom Worthy being possessed of the W. ½, N. E. ¼ of said Sec. 6, west of her land and separated from same by said highway; Worthy's land and said highway being much lower than plaintiff's land and the natural flow and drainage of rain and surface waters that fell on plaintiff's land and land lying immediately north of hers being over and across depressions and sags in the highway and across Worthy's land and thence into Otter creek.

The defendants plead: First, the general issue. Second, that the ditch was dug in the highway more than twenty years ago and under order of the county board of Jersey county, and had with the full knowledge of plaintiff and her immediate grantors been constantly in use by the public as part of said highway for more than twenty years next preceding the beginning of suit, whereby the public acquired an easement and prescriptive right, etc., and defendants claim the benefit of the statute of limitations. Third, that when the defendants were elected highway commissioners they found said highway and ditch in actual use and occupancy of the public and thereafter the same became in bad order and repair and defendants caused the brush, weeds and trash which had accumulated in said ditch to be removed and caused said highway to be graded in the manner most practicable and best adapted thereto, which was within the financial ability of defendants as such commissioners, and that all of said work

was necessary to keep the highway in good order, and done without intent to injure plaintiff, and but the necessary result of properly draining a small portion of the highway, and that all the water which at any time flowed into or through said ditch was surface water and thereby directed to and flowed into a natural channel or branch which was also located within the limits of said highway. Fourth, that the ditch was dug more than twenty years ago for the purpose of draining off surface water collected on the highway, and said water was thereby drained along said ditch into a natural channel which flowed across plaintiff's land at a point where said natural channel flowed across said highway; that during said term said ditch had, with full knowledge of plaintiff and her grantors, been used by the public as part of said highway and as a proper means of keeping said highway in good order. That the natural conformation of the land over which said highway passed on the west side of plaintiff's said land was such that there was a gradual descent from a point thereon where said highway first touched plaintiff's land on the northwest corner thereof, running south to the point where said ditch emptied into said natural channel within the limits of said highway with the two exceptions, and that there was one slight depression or marshy spot for a few feet in extent and one slight elevation of a few inches ; that the grade and embankment mentioned in the declaration was simply a filling in of said marshy spot up to the general level of said declivity, by reason of all which the public had an easement, etc.; that said ditch and embankment were necessary and proper for the good order and repair of said highway and not intended to injure plaintiff, and defendants have exercised their best judgment and skill in discharging their official duties with reference to said highway, ditch and embankment so as to inflict no avoidable injury or damage to plaintiff and her lands.

Demurrer to second and third pleas overruled. The cause was tried by jury; verdict, not guilty, and judgment against plaintiff for costs.

It is argued by counsel for appellee that the second and third pleas must be considered as confessed, because appellant

did not elect to stand by the demurrer thereto. We think not· Had the defendants, on the overruling of the demurrer, asked a rule upon the plaintiffs to reply, or for judgment for the want of replication, the plaintiff would have been required to reply or suffer judgment; but when the parties went to trial without objection it is to be presumed that a formal issue was waived, and it is too late now to take advantage of the informal condition of the pleadings. Strohm v. Hayes, 70 Ill. 41; People, etc., v. Weber, 92 Ill. 288.

The matter attempted to be set up by the second plea might be regarded as a right by prescription rather than as a pure plea of the statute of limitations. It is not merely the lapse of time, but coupled therewith the knowledge and acquiescence of the plaintiff, which would constitute the defense.

The matters set up in the third and fifth pleas were merely in discharge of the action, if of any legal significance, because, as supposed by the pleader, they justified the alleged tortious act averred in the declaration. This is an action on the case and under the general issue of not guilty the plaintiff is put upon proof of the whole charge in the declaration, so far as necessary to make out a cause of action, and the defendant may show any matter in discharge or excuse. Whatever would in good conscience preclude recovery may, in this form of action, be given in evidence under the general issue: 1 Ch. Pl., 491. These special pleas were unnecessary and whatever they contained showing a defense might have been proved under the plea of not guilty. It is also to be remembered that while a verdict will aid a defective statement of title, it will never aid a statement of a defective title or cause of action. Nothing is presumed after verdict but what is expressly stated in the declaration, or necessarily implied from the facts which are stated, and it is the rule also that as the plaintiff's declaration must have all the essentials necessary to maintain the action, so the defendant's bar must be substantially good, and if the gist of the bar be bad it can not be cured by a verdict for defendant. 2 Tidd's Practice, 919, 920; C. & E. I. R. R. Co. v. Hines, 132 Ill. 161. The action of

the court in giving and refusing instructions and in refusing the motion for new trial is made the subject of complaint by the assignment of errors, and we are required to determine whether the defense interposed by these pleas is valid. Upon the point of right by prescription, we think it is clearly settled that the acquiescence of the plaintiff is an essential element, necessary to be established by the defendant. Mere knowledge is not sufficient. C. & N. W. R. R. Co. v. Hoag, 90 Ill. 339. The plea was defective in not averring acquiescence. Hence, it was competent for the plaintiff to show any facts tending to prove non-acquiescence, and any instruction basing a defense upon prescription should have contained a reference to this necessary element.

The chief defense in the case, however, seems to be predicated upon the theory that if the action of the defendants was in good faith and necessary for the proper construction of the road, then the plaintiff can not recover. In other words, the plaintiff must bear without complaint any damage to her property, which may be involved in making a road for public use, or in improving one already made. This is directly in the teeth of the constitutional provision that "private property shall not be taken or damaged for public use without just compensation." Art. 2, Sec. 13. It is, of course, unnecessary to refer to the decisions upon this clause of the constitution. Even where the right of way for a public road has been condemned and damages assessed therefor have been paid, if highway commissioners in subsequent years, by careless and unskillful means in repairing or improving the road, inflict any injury upon the adjoining land owner, they are liable. Tearney v. Smith, 86 Ill. 391. The action of the court in giving and refusing instructions upon the theory of defendants, that they might safely do whatever was necessary for the betterment of the road, if done in good faith, regardless of the effect upon the plaintiff, was erroneous. It is not necessary to refer in detail to the instructions wherein this error occurred.

In view of the rule that though the public may have a road by condemnation or prescription, yet the highway offi-

cers will be liable for careless and unskillful acts in repairing
the road, it was error to exclude the question several times
propounded by plaintiff, whether the object in making the
fill or embankment in the road, and of which plaintiff chiefly
complained, could not have been attained as well by a culvert.
The case of Neinsteil v. Smith, 21 Ill. App. 235, quoted by
counsel for appellee, is not in point here. That was a case
where it was sought to hold commissioners of highways
for injuries caused by the falling of a bridge, and the ques-
tion was whether, under the peculiar circumstances, the
commissioners were bound to know of the defect and to
answer for the damages as though they had known it—in a
word, whether negligence was necessarily implied from the
facts. It was held that the exercise of judgment was involved,
and though there was a mistake as to the capacity and safety
of the bridge, yet, if the defendants used such judgment as
reasonably prudent men would have used, there was no action-
able negligence. The case was distinguished from Tearney
v. Smith, 86 Ill. 391, as it should be from the case at bar.

The trial court seemed to take the view that the plaintiff
could not recover without proof of actual damages. In this
there was error, since the law will imply nominal damages
for the acts alleged here, and will sustain an action therefor.

In many cases where the act complained of is defended and
justified upon the ground that it was done as of right, and the
pleadings tender an issue of a permanent right to continue
and repeat the alleged injury, the plaintiff can not show more
than nominal damages, and yet he is always permitted to re-
cover if the defendant fails; and though it is a rule that a case
will not generally be reversed for error in the record, to enable
a plaintiff to recover merely nominal damages, yet when the
issue involves a permanent right, the rule does not apply. In
such cases the mere provable damage is not all that is
involved, the matter of main importance being as to the
legality of the act as affecting, in a permanent way, the prop-
erty of the plaintiff. Merrill v. Dibble, 12 Ill. App. 85;
Doud v. Guthrie, 13 Ill. App. 653; Plumleigh v. Dawson,
1 Gilm. 544; Pfeifer v. Crossman, 15 Ill. 53. It is not to be

understood that we hold there was no proof of actual damages, as upon that point there was conflicting evidence which we are not required now to settle or discuss.

It is urged there was error in excluding proof of damages sustained since the bringing of the suit.    Where a permanent structure is lawfully erected with due care, having reference to its use upon a railroad or upon an ordinary highway, and thereby injury is done to the adjoining land owner, the cause of action thus arising is an entirety, and when suit is brought therefor, it must embrace all claims, prospective as well as present, so that it is the rule in such cases that one recovery is a bar to subsequent actions.    Therefore proof of damages accruing since the commencement of the suit is admissible. But it is an essential element of this doctrine that the structure was lawful and permanent in its nature and proper in its mode of construction.    If built without right, or if temporary, or if negligently constructed, it may be regarded as a nuisance, for the continuance of which fresh actions may be brought as often as actual injury is occasioned thereby.    C., B. & Q. R. R. Co. v. Schaffer, 26 Ill. App. 280; O. & M. R. R. Co. v. Wachter, 123 Ill. 440.    According to plaintiff's theory of this case, as we understand it, the works complained of were not only negligently constructed, having in view the object to be attained, but were, in fact, built without any lawful authority whatever.    Hence it was inconsistent with such theory to permit proof of injury subsequent to the commencement of the suit, and such proof was properly excluded.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*