## JAMES HARRIS ET AL.
### v.
## WILLIAM T. CARSON.

*Highways—Liability of Commissioners for Damages Arising from the Improper Grading of—Overseers.*

The work of repairing highways is ministerial; for personal negligence in its performance, the commissioners of highways will be personally liable, if injury results, and what work is done by an overseer as such upon the roads in his district, with the knowledge of the commissioners, must be presumed to have been done with their approval until the contrary is shown.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. CONNOLLY & MATHER, for appellants.

Messrs. PATTON & HAMILTON, for appellee.

PLEASANTS, J.   This was an action on the case against appellants and Arthur Washburne, who were the commissioners of highways of the town of Laomi, for flooding appellee's land by improperly grading a public road.   The jury returned a verdict of guilty against appellants, and assessed the damages at $1.

They claim that the evidence failed to connect them with the work complained of in any such way as would make them liable.

The highway lies along the east side of appellee's forty-acre tract, crossing a depression by which the surface water naturally flowed from it, and the work complained of was the raising of the grade a few inches.   It was done one day in the fall of 1889, by the overseer and his hands, without any special direction by the commissioners, or knowledge, before it was begun, of his intention to do it.   But there was evi-

dence tending to prove that appellee was dissatisfied with the work done there in previous years, as having the effect to spread and hold the water on his land to the injury of his grass and other crops, and that he had made special complaint of it for that reason to the commissioners and to the overseer. On the day referred to, while this last work was being done, each of the appellants was there for a short time, but it does not appear that either of them took any part in it, or gave any direction or expressed any feeling or opinion about it. Harris made some inquiry or suggestion about the use of a grader. Mitchell had come there for another purpose—to see his brother, who was one of the hands, on private business, and he said nothing that was remembered about the road. This is all the evidence of their connection with the matter.

Under the statute the commissioners "have charge of the roads and bridges of their respective towns," and are required "to keep the same in repair, and to improve them so far as practicable." Hurd's R. S., 1889, Chap. 121, Sec. 2. This general statement would seem to fix the ultimate responsibility for their condition, as a rule, and the effect of the specific duties prescribed is in harmony with it. The work of repairing highways is ministerial. For personal negligence in its performance the commissioners would be personally liable if injury resulted. Tearney v. Smith, 86 Ill. 391; Tinney v. Morgan, 21 Ill. App. 229; Allen v. Michel, 38 Ill. App. 313.

Their relations to overseers are plainly those of superiors. Sec. 90, 91 of the chapter above referred to; Hizer v. Town of Rockford, 86 Ill. 325. The latter was appointed by them, and bound "to execute all their lawful orders."

From these provisions and relations we think it follows that what is done by an overseer, as such, upon the highways in his district, with their knowledge, must be presumed to have been done with their approval, until the contrary is shown. In this case appellants, actually seeing the work under way in time to control it, did not disapprove it. Having authority, means and opportunity to have it done with due regard to the rights of appellee, they permitted it to be done as it

was.    That its direct effect was injurious to his land as alleged,
is not denied.    Counsel "concede for appellants that if they
were liable at all, the jury dealt very mercifully   *   *   *
in view of so much evidence to support a larger finding."
We are inclined to think that public policy as well as private
right are with the appellee on the question of their liability.
Duty and responsibility go along with power and opportu-
nity.    The superior officer can not be indifferent to or irrespon-
sible for what he knows his inferior is doing or intending to
do, and can prevent or control.

It is said the court erred in refusing to give certain instruc-
tions asked by defendants, but we see nothing important and
correct in them that is not contained in those given.

*Judgment affirmed.*