STATE BANK OF CHICAGO, ADMINISTRATOR OF THE ESTATE OF SAMUEL E. HOBSON, DECEASED

*v.*

THE STATE OF ILLINOIS.

*Opinion filed January 18, 1898.*

1. MUNICIPAL CORPORATIONS—*The West Chicago Park Commissioners are a municipal corporation* with the power to assess and collect taxes with the Park District so created for the special corporated purposes of its creation.

2. SAME—*not liable for negligent acts of servants.* Municipal corporations created merely for purposes of civil administration are not liable for the tortious acts or negligence of its officers.

3. SAME—*officers are personally responsible for their negligence.* Officers of public corporations are personally responsible for their own negligence or misconduct in the performance or attempted performance of their official duties.

4. RESPONDEAT SUPERIOR—*public and State officers do not come within doctrine of.* Public or State officers with only certain powers and duties enjoined upon them by the statutes do not come within the doctrine of respondeat superior.

5. SURVIVAL OF ACTIONS—*for death from negligent act no—survival at common law.* Cause of action for injuries resulting in death, did not survive to the executor or administrator at common law.

6. PERSONAL INJURIES—*survival of action given by statute.* The statute provides, "that whenever the death of a person shall be caused by wrongful act, negligence or default, and the neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, nothwithstanding the death of the person injured, and although the death shall have been caused under such circumstance as amount in law to felony."

7. SAME—*upon what right to maintain actions after death of person injured depends.* The right to maintain an action after the

death of a party injured, depends entirely upon whether if death had not ensued the decedent could have maintained an action and recovered damages against the party sued.

8. STATE LIABILITY—*when State is bound by act of legislature.* The State is not bound by or included in any act of the legislature unless expressly named or necessarily implied, to give effect to the act.

This claim was filed in the Auditor's office, April 22, 1897, by the State Bank of Chicago, a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, authorized and empowered, and duly qualified to act as administrator of the estate of Samuel E. Hobson, deceased.

The claim filed in this case, shows, that Samuel E. Hobson came to his death on the 17th day of October, 1895, in the city of Chicago, in the County of Cook, and State of Illinois, and it is claimed by the claimant to have been in the following manner; that is to say, said State of Illinois, acting through and by the South Park Commissioners, were engaged in the work of demolishing and tearing down certain buildings and structures upon the premises lately occupied by the World's Columbian Exposition, in Jackson Park, in the city of Chicago, aforesaid; and in or about said work, used and permitted to be used, certain dangerous explosives, known as dynamite and nitro-glycerine. That said Jackson Park was a public park, maintained for the use, enjoyment and recreation of the public generally; and that all persons were permitted to assemble and congregate there for pleasure at all times.

That said Samuel E. Hobson was, on the day last above mentioned, rightfully in said park, and was rightfully and properly in the exercise of all due caution, care and prudence, enjoying the same as a public park. That said State of Illinois, acting through and by said South Park Commissioners, in and about the prosecution of said work, wholly failed to use proper care to avoid injury to persons passing through said park, in the vicinity of the place, where said work, was being

conducted and where such explosives were being used; and wholly failed to give any notice or warning to said Samuel E. Hobson, who was then and there in said park and near enough to the place where such explosives were being used, to be struck by materials by such explosion. That when such explosives were about to be used, ignited and discharged at the place aforesaid, although the State of Illinois, through said South Park Commissioners, had full notice that Samuel E. Hobson was in said park, and near said place as aforesaid, wholly failed and neglected to give any warning or notice to persons then in said park, and near the place aforesaid, and to the said Samuel E. Hobson, to withdraw to a place of safety, and after the discharging of such explosives, at about the noon hour, the said State of Illinois, acting through said South Park Commissioners, who were in personal charge of said park, and who caused said explosives to be discharged at the place aforesaid, in said park; and, in consequence of said explosion a large piece or mass of metal was thrown by such explosion, and caused to strike, with great violence and force, the said Samuel E. Hobson, who was then and there in said park, and was then and there in all due exercise of care on his part, and the said Samuel E. Hobson was then and there, greatly bruised, wounded and injured. That he thereafter, on said last mentioned date died by reason of such injuries; whereby this claimant as administrator as aforesaid, and on behalf of the widow and next of kin, has sustained damages to the amount of $5,000.

To this claim, the State files a plea, that it does not owe the said claim or any part thereof, in manner and form as therein alleged; and is in no way indebted to the said claimant, the State Bank of Chicago, administrator of the estate of Samuel E. Hobson, deceased.

It was stipulated by the parties, that the evidence used at the coroner's inquest shall be used as the evidence on this hearing; and that the said Samuel E. Hobson left surviving him the following as his only heirs at law and

next of kin: Clara Hobson, his widow; Edwin N. Hobson, his father; Lousadia Hobson, his mother; Beesheba Phillips, Elizabeth Heilwagon and Effie Waller, his sisters; and George L. Hobson, his brother.

The evidence shows in this case, that the Columbia Salvage or Wrecking Company contracted to remove the structures and buildings erected by the World's Columbian Exposition, in Jackson Park. That the blast that killed Samuel E. Hobson was fired by Bruno Kniffler, a mechanical engineer, in the employ of the said Salvage and Wrecking Company without any permit from Mr. Jacob F. Foster, who was the superintendent for the South Park Commissioners. The use of the dynamite and explosives was prohibited, without the permission of the said superintendent.

And the evidence very clearly shows that Mr. Nusbaum, the superintendent of the Salvage Company, directed Kniffler to use dynamite to wreck the structure of the Machinery Hall building, that they were tearing down; it also shows that he was told before he used the explosives that he must get a permit from Mr. Foster, the superintendent, and he said he would. He did not, however, but directed Kniffler, his engineer, to proceed with his experiment, that of wrecking the Machinery Hall by the use of dynamite.

It is true that Mr. Nusbaum testified, that he told Park Officer Ledwith that he was going to use explosives, Thursday noon, and for him to tell Capt. Kelly of the fact, and if Capt. Kelly had any objections, he could notify Kniffler not to proceed. This evidence shows clearly that the Columbia Salvage or Wrecking Company had no permit whatever, from the Park Superintendent, and had no right whatever, to use the explosive in the park and that they did use such explosives entirely on their own responsibility. It also shows that neither the Park Superintendent nor the Park Foreman had any knowledge or notice that the Salvage Company were intending to blast without a permit from the Superintendent.

While it may be true that Ledwith, the Park policeman, was told by Mr. Nusbaum that he was intending to use dynamite to wreck the structure of Machinery Hall, that they were then tearing down, that officer told Nusbaum, that it was necessary to obtain a permit from Mr. Foster, the superintendent of the Park Commissioners, before he had any right to use explosives.

Mr. Dugan, the Park foreman, also informed Mr. Nusbaum, the superintendent of the Salvage Company, that if they were going to do any blasting, it would be necessary for them to get a permit from Mr. Foster the superintendent of the South Park System, and then Mr. Foster could notify him.

Nusbaum's evidence is to the effect, that he told Park Officer Ledwith that Kniffler was going to use some explosives, Thursday noon, and for him to tell Capt. Kelly of the fact, and if Capt. Kelly had any objections, he would notify Kniffler not to proceed with the experiment.

Thursday noon, about ten o'clock, Park Officer Ledwith came into his office and told him, that Superintendent Foster had gone up the road and that if he intended to see him he should do so then. While Mr. Nusbaum does not state what further conversation then took place between him and Ledwith, Ledwith, in his evidence, states, that he told Nusbaum that before he could use any explosives, he must get a permit from Mr. Foster, the superintendent, and Nusbaum said he would.

He also states that he afterwards went down to see Nusbaum, if he had notified Mr. Foster, and Nusbaum said that he had not, and that he had used explosives before and that the men around had been notified.

On the question of notice then, to the Park Commissioners, the evidence discloses, that Ledwith, the policeman, Dugan, the foreman and Morrison, his assistant, had heard some blasting was to be done, and the evidence also discloses that these parties each told Nusbaum, the

superintendent of the Salvage Company, that it could not be done without a permit from Mr. Foster, the superintendent.

Under this evidence there is no question, that the Park District would not be liable for the negligence which resulted in the death of Samuel E. Hobson. The Columbia Salvage and Wrecking Company or the officers of that company, are the parties who are responsible for the negligence which resulted in the death of Samuel E. Hobson. In the business of demolishing the structures in Jackson Park, they decided it would be better to use explosives to further their business interests and remove the structures as rapidly as possible, and in order to do so, directed that a blast should be fired without any permission whatever, which resulted in the untimely death of Samuel E. Hobson.

They and they alone are responsible for the accident.

It also appears from the files in this case, that an action of trespass on the case, was instituted against the South Park Commissioners in the Cook County circuit court, by the present claimant. That court decided that such an action would not lie and dismissed the proceeding, rendering judgment in favor of the Park Commissioners for costs, and that judgment remains in full force at this date. The judgment rendered in that case judicially determines that the Park Commissioners were not legally liable for the death of Hobson.

A recent case decided by Mr. JUSTICE WATERMAN— *Charles Bacher* v. *The West Chicago Park Commissioners*—is in point. That case holds that the West Chicago Park Commissioners is a municipal corporation having certain limited powers granted to it by the legislature. That members of the board of West Chicago Park Commissioners are agents by whom, in part, the people of the State carry on the government. Their functions are generally political and concern the State at large although, they are to be discharged within the

Town of West Chicago. That these Park Commissioners come within the term of officers.

*Wilcox* v. *The People,* 90 Ill., 188;

*West Park Commissioners* v. *The City of Chicago,* 152 Ill., 393.

"Ordinarily the principal is liable for the negligent acts of its servants in the course or line of his employment, in consequence of which a third person suffers injury, upon the principle of respondent superior, but a distinction exists in the case of municipal corporations, as a municipal corporation is not liable for the tortious acts or negligence of 'its officers.

Dillon on Mun. Corps., Secs. 975-978.

Public or State officers with only certain powers and duties enjoined upon them by the statutes do not come within the doctrine of respondent superior. Applying this rule, the South Park Commissioners being merely appointive officers, with certain statutory powers and mere subdivisions of the government. They are mere assistants to the State in the exercise of its functions; not created at their own instance and request, but for the purpose of aiding and assisting the sovereign power of the State in carrying on the functions of the government and they are not liable for the negligence or tortious acts of its servants. This distainction exists between municipalities created alone at the instance of the sovereign power by general law and cities, incorporated towns and villages created for their own benefit.

Where municipalities are created and instituted by general law, there can be no liability for an action for damages, occasioned by the negligent acts of its servants.

*Waltham* v. *Kemper,* 55 Ill., 346.

At common law an action will not lie for injuries occasioned by the negligence of the officer or servants of counties, townships, school districts, road districts, or drainage districts, for injuries resulting from the negligent performance or non-performance of their duties, "and there is no distinction in the application of this

rule between neglecting to do or perform an act which ought to have been performed, and the performance of a duty in a negligent manner."

> 2 Dil. on Mun. Corps., Secs. 962-963;
>
> *Hedges* v. *County of Madison,* 1 Gil., 567;
>
> *Town of Waltham* v. *Kemper,* 55 Ill., 346;
>
> *Bussell, Admr. etc.* v. *Town of Steuben,* 57 Ill., 35;
>
> *Hollenbeck* v. *Winnebago County,* 95 Ill., 148;
>
> *Elmore* v. *Drainage Comrs.,* 135 Ill., 269;
>
> *Cooney* v. *Hartland,* 95 Ill., 516.

The rule laid down in *Waltham* v. *Kemper,* 55 Ill., 346, is as applicable to counties and other governmental agencies or corporations, as it is to towns; but as to cities and villages, a different rule applies and a distinction between the two classes of corporations is clearly pointed out.

The Board of South Park Commissioners is a body politic and corporate and belongs to the first class. It was created by an act of the legislature, approved February 24, 1869. It is the State, through the Commissioners appointed by the Governor, doing the work of creating and maintaining the parks. They are responsible to the Governor, and no one but him, and are removable by him.

The municipality pays only the expenses of carrying on the work and has no voice as to what shall be done or who shall be employed. It was not the intention of the legislature that the Board of South Park Commissioners, as a corporation, should have the powers or assume the responsibilities of a city or village. The money so raised by taxation is raised for certain specific purposes, and cannot be diverted from those purposes to the payment of damages caused by the negligence of its officers or servants. It cannot be said that the Board of South Park Commissioners are agents of the State in any such sense as would make the State in any way responsible for the negligence of its officers.

The Board of Park Commissioners is a mere munici-

pal corporation with the power to assess and collect taxes with the Park District so created for the special corporate purposes of its creation.

> *The People, ex rel* v. *Salomon,* 51 Ill., 37;
> *The People* v. *Morgan,* 90 Ill., 558;
> *Dunham* v. *The People,* 96 Ill., 331.

"It is a familiar rule, however, that officers of public corporations are personally responsible for their own negligence or misconduct in the performance or attempted performance of their official duties."

> *Tearney* v. *Smith,* 86 Ill., 391;
> *Skinner* v. *Morgan,* 21 Ill. App., 209;
> *Harris* v. *Carson,* 40 Ill. App., 147.

The claim filed here, however, is against the State, and in the absence of any authority making the State expressly liable for the negligence or misconduct of officers of public corporations, it cannot be held liable. In this case it has been judicially decided that the Board of South Park Commissioners are not liable in their corporate capacity. How then can it be now claimed that the State is liable for the acts of the Board of South Park Commissioners? Such a claim can have no foundation. In this case the remedy is clearly against Mr. Kniffler, who fired the blast, or against the Salvage Company in whose employ Mr. Kniffler was acting as mechanical engineer.

This claim is founded on Chapter 70 of the statutes concerning "Injuries to Person."

Causes of action for injuries resulting in death, did not survive to the executor or administrator at common law. To remedy this defect our statute was enacted.

It provides "that whenever the death of a person shall be caused by wrongful act, negligence or default, and the neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwith-

standing the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

The right to maintain an action after the death of a party injured, therefore, depends entirely upon whether if death had not ensued the decedent could have maintained an action and recovered damages against the party sued.

*Holton* v. *Daly,* 106 Ill., 131.

In case Samuel E. Hobson had not died from the injuries which he received, at the time of the blast, but had lived possibly maimed for life, would there have been any claim against the State of Illinois?

Would not Mr. Hobson have been compelled to have instituted suit against the Salvage Company or some of its officers? Would any one contend they were not liable to respond in damages for the injuries he thus sustained?

The State is not bound by or included in any act of the legislature unless expressly named or necessarily implied, to give effect to the act; and the State of Illinois is not included in the chapter of the revised statutes above quoted. That act applies only to private individuals, associations or corporations.

We are therefore of the opinion that there is no liability existing against the State of Illinois for the payment of this claim; and believing that neither justice, equity or law demands the payment of this claim by the State; and believing that it would be laying down a rule, that could not be safely followed hereafter, we are of the opinion that this claim should not be allowed.

Claim dismissed.