## THE ILLINOIS CENTRAL RAILROAD COMPANY

### *v.*

## WILSON ALLEN.

39  205
23a  419
26a  285
39  205
28a  112
39  205
141  68
39  205
h112a³426

1.  FORMER RECOVERY—*how construed.*   Where, in an action against a railroad company for trespass, "resulting from the construction of the road," the parties agreed to "submit to the jury to find the full amount of past, present and future damages from matters charged in the declaration," and agreed that, "if a judgment should be entered on a verdict of a jury, and paid by defendant, no further action should be brought for the continuance of the matters mentioned in the declaration," and the proof was that such a judgment had been rendered and paid; *held,* that this was a bar to any suit for injuries by the washing of mud and sediment brought by the party making this agreement.

2.  In such case, whatever injuries were proven were of the character which the parties must have had in view when they stipulated that "no further action should be brought."

3.  RIGHT OF WAY *from owner bars his grantee.*   Where a railroad was built in 1852, and thereby a pond was formed on certain land, and, in 1853, the owner

of the land granted to the company the right of way over it, and in 1854 conveyed the same land to A., excepting the right of way; *held*, that A. could not recover for loss of land covered by the pond, it being an injury to the former owner, and not to A.

4. Where, in such case, it further appeared that the house of A. was on this land, but it did not appear when the house was built, *held*, that the presumption was he built after he bought, and after the pond had been created, and he could acquire no right of action against the company by building in its neighborhood.

5. NO CAUSE OF ACTION—*to comply with request.* A party can have no cause of action for the consequences of an act the performance of which was requested by himself. So, where a ditch was altered, at the request of A., who gave, as a reason, that the water in a pond would thereby become clearer, it was no cause of action, though the result was different.

APPEAL from the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action on the case brought in the Circuit Court of De Witt county in August, 1859. After the pleas were filed the venue was changed to Macon county. The facts sufficiently appear in the opinion.

Messrs. MOORE & GREENE, for the appellant.

1. A party cannot recover for an injury to which he himself materially contributes. Hilliard on Torts, 186, § 28; *Aurora B. R. R.* v. *Grimes*, 13 Ill. 585.

2. The appellee had formerly recovered for the same cause of action, and the judgment was paid.

3. The company had obtained the right of way from the former owner, and is not responsible to his grantee in any event. Redfield on Railways, 105, 154.

4. And having the right of way the company is not in this case responsible to any body, for the proof shows that reasonable care was used in building the embankment, and whatever sediment flowed on the land was the natural result of building the road. Redfield on Railways, 105, 152.

Mr. L. WELDON, for the appellee.

1. The proof shows that the company, in the lawful business of repairing its road, performed it so neglectfully that the owner of the land was damaged.

2. The "contract of record" cannot help appellant's case. Even if proper to be considered it did not authorize the company to be careless in repairing its road. That contract was not made with reference to the land on which the pond was located, and has no application to this case.

3. The company was requested to make a ditch that would run the water into the pond and keep it full, not one that would bring all the sediment of the road into the pond.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action on the case brought by Allen against the railroad company. The first count in the declaration averred that the defendants obstructed an ancient drain, and thereby caused a pond to form, which became offensive and stagnant, by means whereof the family of plaintiff became sick, and he was deprived of the enjoyment of the land, etc. This count alleges the said drain and pond to be on the north-west of the south-west of section fourteen, township nineteen north, range two east. The second and third counts aver that a different tract of land, to wit, the south-west of the north-west of the same section had been injured by the washing of mud and sediment in consequence of the improper construction of the railroad. The defendant pleaded not guilty, with notice that on the trial it would prove a former recovery, accord and satisfaction and license. There was a trial by a jury, and a verdict for the plaintiff below for twenty-five dollars. The defendant moved for a new trial, which motion was overruled, and the defendant appealed.

This suit was commenced August 19th, 1859, in the De Witt Circuit Court. A record put in evidence by the defendant shows that at the May Term, 1854, of the same court, the

plaintiff brought an action of trespass against the defendant for injuries to the south-west of the north-west of section fourteen aforesaid, and three acres off of the north end of the north-west of the south-west of said section fourteen, resulting from the construction of the road. The record further showed that "the parties by agreement submitted to the jury to find the full amount of past, present and future damages from matters charged in the declaration," and agreed that "if a judgment should be entered on a verdict of a jury and paid by defendants, no further action should be brought for the continuance of the matters mentioned in the declaration continually forward from the commencement of said suit." A verdict was rendered in favor of the plaintiff for $762.50, on which the court gave judgment and this was paid by the railroad company. The proof further showed that the railroad was properly constructed, and that the injuries complained of in the second and third counts proceeded from the ordinary washing of a railway embankment. There can be no doubt but that the stipulation of record entered into between these parties in the action of trespass, and the payment of the judgment rendered in said suit, are a bar to any injuries proved under the second and third counts in the present suit. Whatever injuries were proven were of the character which the parties must have had in view, when they stipulated that "no further action should be brought."

As a defense to the first count the appellant proved, after laying the foundation for the introduction of oral testimony, that David Davis, in 1852 or 1853, granted to the company the right of way over the north-west of the south-west of section fourteen, the close described in that count. It further appeared in proof that Davis was at that time the owner of the land, and that in 1855 he conveyed the premises to the plaintiff, excepting the right of way; the deed reciting that the plaintiff bought the land on 1st of January, 1854. It further appeared that this portion of the road was built in 1852; that the pond complained of in the first count was then made by carrying the road-bed across a ravine near its head, and that it covered from a third to a half of an acre, a considerable portion of it being

on the right of way. So far then as an injury was caused to the land by the original creation of the pond, it was an injury to Davis and not to the plaintiff. The plaintiff's house is on the premises described in this count, and it does not appear from the record when it was built, but it is not pretended that he had any claim upon the land prior to the 1st of January, 1854. If then he built his house before the pond was made, he was a trespasser, and if as is to be presumed, it was built after he bought, the pond had been created, and he could acquire no right of action against the appellant by building in its neighborhood. We cannot see how the plaintiff can claim an action either for the land actually covered by the pond, or for any injury to the salubrity or comfort of his abode growing out of the original creation of the pond.

But the case for the plaintiff seems to have been rested chiefly on the ground that in 1856 the appellant had conducted into the pond the water which ran along the road through a deep cut extending three-quarters of a mile south of the pond, and which had theretofore been allowed to pass under the road-bed. But it is clearly proved that this change was made at the request of the plaintiff, who gave as a reason that by increasing the volume of the water it would become clearer and better. Whether or not the result has been different is immaterial. The plaintiff can have no action for the consequences of an act the performance of which was requested by himself.

There should have been a new trial.

*Judgment reversed.*