# The Toledo, Wabash and Western Railway Co.

## v.

## Orson Morgan.

72   155|
123  444|

72   155
27a  208

72   155|
28e  111|

72   155
42a  129

72   155|
151  586,
153  360
72   155
49a  589

72   155|
157  137|

72     155|
89a  ³234|

72     155|
188   ³232|

72     155
107a  ³512

1.  PLEADING AND EVIDENCE—*the evidence must establish the case made by the pleadings to warrant a recovery.* If a party recovers in an action, it must be on the case made by the pleadings, and when a declaration, in a suit against a railroad company for damages caused by burning wheat stacks, alleges that the stacks were set on fire by sparks from a locomotive belonging to the company, evidence that the stacks were destroyed by a fire which originated in another field, even though such fire was occasioned by sparks from the defendant's engine, will not sustain the averment in the declaration, and the plaintiff will not be entitled to recover.

2.  PURCHASER—*whether entitled to recover for prior damage.* A railroad company is not liable to a party who purchases land after the road is constructed across it, for any damage done to the land in the construction of the road. If the owner of the land, at the time of the construction of the road, does not complain of the damage done to the land, his grantee certainly can not.

3.  VERDICT—*not decisive of any fact when directly conflicting instructions are given.* When the jury are told, in an instruction given on behalf of the plaintiff, that he is entitled to recover, and, in one given for the defendant, that the plaintiff is not entitled to recover, their verdict can not be regarded as settling any fact in the case, and no verdict they could render, under such circumstances, would be entitled to weight in the decision of the case.

APPEAL from the Circuit Court of Champaign county ; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. A. E. HARMON, for the appellant.

Mr. T. J. SMITH, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

The verdict in this case is so manifestly against the weight of the evidence that the court ought to have set it aside and awarded a new trial.

Three distinct causes of action are alleged in the declaration, neither of which is supported by the evidence :

*First*—The alleged destruction of a quantity of wheat in the stack, by fire said to have been caused by fire sparks emitted from a locomotive engine on appellant's road.

*Second*—The destruction, by a like cause, of a quantity of board and hedge fence on the farm of appellee.

*Third*—Damages sustained by reason of the alleged overflow of appellee's land, in consequence of the construction of the railroad across it.

It is averred in the first count, the wheat stacks were situated 30 rods, and, in the second count, 40 rods, distant from the track of appellant's road. The evidence shows the distance to have been between 40 and 50 rods. The averment in the declaration is, the stacks were set on fire by sparks from the engine. The testimony of witnesses of large experience in such matters shows it is utterly impossible to communicate fire at that distance. The engine that passed immediately before the fire was discovered is proven to be a coal-burner. It had lately been repaired, and was equipped with the best known appliances to prevent the escape of fire sparks. The wire netting was so fine it was difficult to get draft enough to create the requisite quantity of steam.

All the witnesses concur in the statement the extreme distance fire sparks from a coal-burning engine can be carried, even with the wind blowing a gale, and yet have life enough to ignite anything, would not exceed 125 feet. Many of them place it at a much shorter distance.

The proof shows, the fire that consumed the wheat originated in the adjoining field, and was thence communicated to the stacks. There is no satisfactory evidence of the fact, but it is possible the fire on the adjoining lands was occasioned by fire sparks from an engine on appellant's road. But that is not the case made in the declaration, and if appellee is to recover, it must be on the case made by the pleadings.

The fire that is said to have destroyed the fences occurred previous to the one that consumed the wheat. The declaration contains two counts for the destruction of the fences. No averment of negligence on the part of the company is found in the third count, which is the first one on this subject. In the fourth count, it is averred the company, by its servants, so negligently handled and conducted its engines as to cause fire sparks therefrom to set on fire the fences of appellee situated 60 rods from its right of way. It would be absurd to insist the evidence in the record sustains this averment in the declaration. It is not possible, in the nature of things, that mere fire sparks from an engine could ignite anything at a distance of 60 rods. The evidence is conclusive on this point.

The record contains no evidence of the escape of fire sparks from the engine, as alleged in this count. There is the testimony of one witness, that he saw the servants of the company throw fire upon the grass on the right of way, from which a fire originated. It is not proven the fire thus started destroyed appellee's fences. No witness examined traced the course of the fire.

But conceding it was this fire that caused the injury, it is an unanswerable objection to the right claimed to recover, that the declaration counts upon no such state of facts, hence the judgment can not be maintained.

The fifth and sixth counts are, in substance, the same, and were framed with a view to recover damages for the alleged overflow of appellee's lands. It is charged the company wrongfully constructed its railroad on the lands of appellee across the natural drains and outlets, so as to obstruct the same, whereby large bodies of water accumulated and rendered the lands unfit for cultivation.

There is a total want of evidence to support a recovery on either of these counts. The appellee did not own the lands when the company graded and constructed its road at that point. Whatever damage was done by reason of grading the road bed, was to his grantor. In the absence of all evidence

on that subject, it may be presumed the company adjusted the damages with him. If the former owner did not complain, certainly his grantee can not. He purchased the land with the incumbrance of the railroad upon it. It was open and visible. He could see exactly how the farm was affected by the construction of the railroad. It is not averred or proven the company has since made any change. This case is clearly within the principle of the cases of the *Illinois Central Railroad Co.* v. *Allen*, 39 Ill. 205, and *The Toledo, Wabash and Western Railway Co.* v. *Hunter*, 50 Ill. 325.

The verdict of the jury can not be regarded as settling any fact in the case. The court adopted the very objectionable policy of giving instructions directly in conflict with each other. On the state of facts made by the evidence, the jury were told, in one instruction given for appellee, under the declaration, he could recover, and, in one given for the company, that he could not. A jury thus instructed could render no verdict that would be entitled to weight in the decision of the case. It left them free to adopt the law as stated in either charge, as their whims or caprices might suggest, or, what is still worse, as their prejudices might influence them.

In case another trial shall be had with the declaration in its present form, it will be the duty of the court to make the instructions conform to the views expressed in this opinion.

The judgment is reversed and the cause remanded.

*Judgment reversed.*