# CHICAGO & ALTON R. R. CO.
## v.
## WILLIAM J. SMITH.

· DAMAGE BY OVERFLOW—RIGHT OF ACTION.—A mere tenant, who voluntarily occupies property subject to the danger of overflow from an adjoining embankment culvert built by a railroad company, has no right of action for damage to personal property, caused by such overflow.

APPEAL from the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding. Opinion filed October 5, 1885.

Messrs. PATTERSON & STARKEY and Messrs. WITHERS & HENSHAW, for appellant.

Mr. DAVID F. KING, for appellee.

WALL, P. J. This case is in its facts like the case of C. & A. R. R. Co. v. Calkins, except that in the present case the plaintiff is not the owner of the lot overflowed and claims no damages for injury to the realty. His damages consist in the loss of vegetables growing in his garden, and certain damages to personal property, such as a stove, bedding, clothing, etc., then in the house, situate upon the lot occupied by him as a tenant.

The liability of the defendant, if any there be, must be predicated upon and grow out of an imperfect performance of its duty and obligation to adjoining land owners in the construction of the embankment culvert and reservoir, and the damages for which it is liable must consist of the depreciation in the value of the land so affected by reason of the improper construction of these works. For this there was a cause of action in the land owner, and he might have recovered such damages as were the proximate result of the defendant's wrongful act.

The plaintiff, however, was not the lot owner, but a mere

tenant, who has voluntarily occupied the property, subject as it was to the danger of overflow. He can not in this way acquire a right of action. I. C. R. R. Co. v. Allen, 39 Ill. 205. If he could, the defendant would be at the mercy of all persons who might choose to place their personal property in such an exposed position, and might then be compelled to pay many times more than the original value of the lot; and this to those whose property was in no wise affected originally by the act of the defendant, and who had no occasion to complain thereof.

If one so situated will occupy land so imperiled it must be at his own risk. The judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.