## CHICAGO & ALTON RAILROAD COMPANY
## v.
## JOHN HENNEBERRY.

*Railroads—Embankment—Overflow of Plaintiff's Lands—Variance.*

1. The owner of land, overflowed because of the existence of a railroad embankment, can not maintain an action against the railroad company for damages unless the embankment has been created or changed so as to increase the damage to his land since he became the owner thereof.

2. Where the declaration claims damages for obstructing a watercourse, and the evidence does not establish the existence of such watercourse, the variance is sufficient ground for reversal.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Will County; the Hon· DORRANCE DIBELL, Judge, presiding.

Messrs. BROWN & KIRBY, for appellant.

Messrs. HALEY & DONNELL, for appellee.

C. B. SMITH, J.   The declaration in this case contains four counts.   The first charges appellant with maintaining an embankment across plaintiff's premises, and damming a watercourse which flowed across plaintiff's land, and thereby throwing the water back and destroying the crops and grass.

The second count alleges that on January 1, 1881, there was a watercourse across plaintiff's premises, through which ran surface water on said premises, and that defendant and others erected an embankment between plaintiff's premises and the adjoining land, in such negligent manner as to prevent the water collecting on plaintiff's land from flowing through said watercourse, and that defendant operated the railroad and maintained the embankment until the commencement of the suit, and thereby the waters were thrown back on plaintiff's premises, to his damage, etc.

The third and fourth counts are substantially the same as the first and second, both alleging that a watercourse existed on plaintiff's land, and that the defendant maintained the grade, and raised the grade across his land, whereby the water failed to flow off, and plaintiff was thereby damaged.

The defendant below pleaded the general issue, and a trial was had, resulting in a verdict and a judgment for the plaintiff for $1,558.50. A motion for a new trial was overruled and judgment rendered on the verdict. Appellant brings the case here for review.

The plaintiff owned 102 acres of land, but prior to the time he bought his land the Illinois River Railroad Company had bought its right of way from the canal commissioners, and had made its embankment and constructed its road. The plaintiff purchased from the same party. Plaintiff himself testifies that he knew the railroad was built when he bought the land, and knew the embankment was there, and knew that it flooded the land he bought; that it kept the water back until it raised and ran over the embankment, and the effect was to flood that quarter of section, and it did flood it. There is no evidence in this record to show that the railroad company has done anything to increase the damage to the land since the plaintiff bought it. There is evidence to show that the embankment has been since raised about eight inches, but there is no proof to show that the increase in the height of the embankment has been the cause of any additional back flowing of the water, and certainly no evidence that any additional damage has been caused over what resulted from the first embankment, made before the plaintiff bought his land.

The plaintiff can not recover for any damage caused by obstructions made before he bought his land, and which have since then been maintained in the same manner, without showing that such changes have been made in the embankment as to throw additional burdens on his land.

This precise question was settled in the T., W. & W. Ry. Co. v. Morgan, 72 Ill. 155. The court, in that case, says: "The appellee did not own the lands when the company graded and

constructed its road at that point. Whatever damage was done by reason of grading the road-bed was to his grantor. In the absence of all evidence on that subject, it may be presumed that the company adjusted the damage with him. If the former owner did not complain, certainly his grantee can not. He purchased the land with the incumbrance of the railroad upon it. He could see exactly how the farm was affected by the construction of the railroad. It is not averred the company has since made any change. This case is clearly within the principle of cases of the I. C. R. R. Co. v. Allan, 39 Ill. 205, and T., W. & W. Ry. Co. v. Hunter, 50 Ill. 325." These cases are decisive against the judgment in this case upon the evidence and pleadings in this record.

There is another reason why this judgment must be reversed. Every count in the declaration alleges that a watercourse crossed plaintiff's land, and that the water flowed through the watercourse, and that the defendant obstructed this watercourse. We do not think the evidence shows the existence of a watercourse, and there was, therefore, a variance between the pleadings and the proof. For the foregoing reasons the judgment is reversed and remanded.

*Reversed and remanded.*