CHICAGO AND ALTON RAILROAD COMPANY

v.

JOHN HENNEBERRY.

*Railroads—Embankment—Overflow of Lands—Limitations.*

1.  One of the main tests as to whether an amended count is the statement of a new cause of action or a re-statement of the one contained in the original count, is whether a recovery, if had on the original count, would bar the cause of action set up in the amended count.

2.  A railroad company is not only bound to build its railroads and structures according to good railroading in respect to its own interest, but must take care that the interests of others are observed.

3.  All damages arising from not building a railroad in a proper and skillful manner, are continuing damages, and may be sued for and recovered by a grantee of premises against a railroad company, or other person or company, for continuing the improperly constructed structure after such grantee acquires title.

4.  In the case presented, this court holds that the statute of limitations was improperly pleaded to the fifth and sixth counts, whereby the declaration was amended, for the reason that they were a mere re-statement of the cause of action set out in the other counts thereof.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. GEORGE S. HOUSE and WILLIAM BROWN, for appellant.

Messrs. HALEY & O'DONNELL, for appellee.

LACEY, P. J.   This is the same case appealed by the appellant herein to this court and decided by it reversing and remanding the cause.   See 28 Ill. App. 110.

The cause was remanded to the court below and the declaration was amended by the addition of two new counts thereto, being the fifth and sixth.

By the fifth it is averred that appellee was possessed of cer-

tain lands having a certain depression extending across them in which surface water was accustomed to flow over his land, and out and over lands adjoining, and that appellant became possessed of a certain railroad which extended along appellee's land and between his land and said other adjoining lands, which railroad track before, and on said date was laid over and across said natural depression without any opening or culvert therein to permit the water to pass through, and the railroad track as so constructed would cause the water to overflow a portion of appellee's land; that after appellant became possessed of said railroad it negligently and wrongfully raised and graded said track so as to still further dam up and throw back on appellee's land large quantities of water, etc., causing a greater depth of it to be covered by water than would have been without the wrongful acts aforesaid, etc.

The sixth count was substantially the fifth, except it is averred to be the duty of the appellant to make a culvert through its railroad track to carry off the surface water, which it failed to do, to appellee's injury.

The plea of not guilty was extended to these counts, and the appellant set up the statute of five years limitation to said counts.

Thus issues were joined on the several pleas and the trial was had before a jury on all the original and amended counts in the declaration.

The first and second counts of the declaration were for the injury of maintaining and erecting an embankment, and third and fourth that the appellant maintained the grade and raised the grade, etc., alleging a water-course instead of a depression across appellee's land. We refer to our former opinion for a more particular statement of facts. The jury in this last trial found the appellant guilty and assessed appellee's damages at $1,541, upon which judgment was rendered and from which this second appeal is taken.

This court, when the case was here on the former appeal, held, that as the evidence failed to show that the railroad had done anything to increase the damages to the land since appellee bought, and although the evidence showed that the

railroad embankment had been raised about eight inches, there was no evidence the increase in the height of the embankment had been the cause of any back-flowing of water, and that there had been no additional damages shown in excess of what existed before the appellee became the owner of the land.

Upon this ground the judgment was reversed and the cause was remanded, and we suggested also, appellee in his declaration alleged a water-course across his land, when in fact none existed—only a depression over which water sometimes flowed.

The first point we will notice is as to whether the statute of limitations was properly pleaded to the fifth and sixth pleas, although more than five years had run since the creation of the nuisance complained of.

We are of the opinion that such a plea can not be sustained. We regard these counts as a mere re-statement of the cause of action set out in all the other counts of the declaration and especially the fourth.

One of the main tests laid down by the courts and law writers as to whether an amended count is the statement of a new cause of action, or a re-statement of the one contained in the original count, is whether a recovery, if had on the original count, would bar the cause of action set up in the amended or additional count. Fire Ins. Co. v. Thomas, 10 Ill. App. 553; Dickson v. C., B. & Q. R. R. Co., 81 Ill. 215; I. C. R. R. Co. v. Cobb, Christy & Co., 64 Ill. 128; O. & M. R. R. Co. v. Elliott, 34 Ill. App. 589.

It will be observed that the original counts in this declaration claim for all the damages accruing on account of building the original railroad track as well before as after raising the railroad bank; therefore a recovery under those counts would have included all the damages claimed in the fifth and sixth counts, so we conclude that those counts merely re-state the cause of action.

Another point claimed by the appellant is that the damages were excessive. Without going into details, we think the evidence clearly supports the verdict in that particular, and indeed, would have justified a larger one.

The same point relied upon, however, by appellant's counsel for reversal, is the fact that in the year 1874, while the appellee's land was canal land, the Chicago & Illinois Railroad Co. acquired the right of way from the canal commissioners and went into the possession of the right of way, and surveyed and constructed across the same a railroad track, grading the same and laying thereon ties and rails, and operated the said railroad tracks for the running of construction and freight trains until May, 1875; and that the said grade and track had no opening therein for the passage of water away from and off appellee's land until the fall of 1882; that on May 1, 1875, the appellant became the owner of the said railroad track and right of way; that on the 15th, and not until the 15th, of June, did appellee become the owner of the said land under a contract for a deed from the canal commissioners and afterward a conveyance.

It is insisted by appellant's counsel that the appellee, being well acquainted and familiar with the character of the construction of this railroad grade, is not entitled to recover for any damages caused by its erection or by the ballasting and grading it up by the appellant afterward, and after the appellee became the owner of the land, because, it is argued, the appellant had a right to improve and ballast up the road and improve it as good railroading required, and it is insisted that appellee would have no right to complain on account of any damage resulting to him by reason of the appellant's raising the grade six or eight inches and filling it up solid between the ties with dirt, causing the water to stand back on appellee's land to a much greater extent than it did before such improvement.

It is argued it results that at the time appellee purchased the land he could see that there was no culvert put in and could see that good railroading required the ballasting to be done.

This argument is based upon the decisions in several Illinois cases, among which the most conspicuous are the Toledo, Wabash & Western R. R. Co. v. Morgan, 72 Ill. 155; Wa-

bash & Pacific R. R. Co. v. McDougal, 118 Ill. 229; C. & E. R. R. Co. v. Loeb, 118 Ill. 203.

It is insisted here that all the damages claimed belonged to the canal commissioners, the original owners, and must have been sued for and recovered by the canal commissioners if at all, and no cause of action could accrue to appellant.

It appears that when this case was in the court before, we held, under the proof as it then stood, that this point was well taken, for it appeared then that there was no additional damage occasioned by the ballasting up of the road, and under the authorities of the above cases, we were of the opinion that no recovery could be had; but under the evidence as it appears now, nearly all the damage was done to appellee's land after he acquired title, by the raising of the grade and ballasting the road by appellant.

Therefore, under the amended counts, the recovery, we think, was proper.

These cases cited from the Supreme Court probably have been much misunderstood, and created the impression that whatever structure was put upon a tract of land by a railroad company under right of way by condemnation or grant, and afterward the owner deeded the land to another party, that no right of action existed in such party to recover on account of any damages by reason of such structure, whether it was properly or improperly placed thereon.

But these opinions and these decisions and many others of a similar kind have been more fully explained by the recent cases of the O. & M. Railway Company v. Wachter, 123 Ill. 440, and C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 112.

In the former case this proposition was discussed, to wit: " Is the injury caused by the construction of an insufficient culvert in a railroad embankment immediate and permanent, giving rise to but one cause of action?"   The cases of Morgan and Loeb above cited, with many more in the same line, were cited in support of the affirmative of the proposition.

The Supreme Court in its decision say that " this statement is not accurate as an abstract proposition."

They further say, " Considered as a general proposition it

should at least be limited to the case of a railroad built under the authority of law and in a reasonable, proper and skillful manner, so as to avoid the infliction of all loss and injury not necessary, resulting from thus building and operating the road.

"This proposition as formulated, assumes that a railroad company has the right to construct and operate its road just as it pleases, without regard to whether the method adopted is sanctioned by good railroading or not; that it may build indifferent culverts, or none at all, over drains and streams on the line of its road, and by thus disregarding the ordinary rules observed in such cases, inundate and overflow in time of freshets large bodies of land and other property without incurring any other or different liability except as to the extent of damages than that of a company which, under like circumstances, has constructed its road bed and culverts in strict conformity with the well recognized and approved methods of railroad building.   We do not concur in this view."

The court then holds that all such damages arising from not building a railroad in a proper and skillful manner are continuing damages, and may be sued for and recovered by a grantee of the premises against a railroad company, or other person or company, for continuing the improperly constructed structure after such grantee acquires title.

Now, applying the law to the facts of this case, we find that the railroad as first built, without being ballasted up and raised, was probably not an improper structure, without a culvert leading the water from plaintiff's land, for the reason that in that shape it did not back the water upon his land; therefore no action would lie in favor of appellee for such building.

But when the road came to be ballasted and raised and no culvert put into it on appellee's land, it became a great nuisance and damage to him, and was not in the line of good railroad building.

We can see no force in the point made by appellant's counsel that appellee would be estopped from complaining of the completing of the road without a culvert, because at the time

he purchased the land he could see no culvert was intended to be placed there by the railroad company, and that he could see that good railroading required the ballasting of the road.

The appellee very well understood the law that the appellant was bound to finish up the road and complete it in the manner of good railroading, and so as not to injure his land, and if it failed to do so, he would have a cause of action. Even if the railroad had been built in the first instance, before appellee's purchase, in the manner it was finally completed, it would have been an improper structure under the rules announced in the above cases, and the appellee would have had a cause of action against appellant for damages resulting from the continuance of the structure so improperly built.

A railroad company is not only bound to build its railroads and structures according to good railroading in respect to its own interest, but must take care that the interests of others are observed.

We think, therefore, that the recovery was justified under the facts and circumstances as shown by the record.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*