THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

JOHN HENNEBERRY.

*Filed at Ottawa October 29, 1894.*

1. CAUSE OF ACTION—*for overflow of land—whether two counts identical.* A count for the flooding of land by damming up a "natural depression," states the same cause of action as one which charges the obstructing of a "water-course" with like result.

2. LIMITATIONS—*re-statement of cause of action by amendment.* The defense of limitation is not available to an additional count filed after the statutory limitation has passed, which count merely re-states, in different form, a cause of action contained in a count which was filed before the statute had run.

3. The fact that the former count, which contained the identical cause of action, was itself an amended additional count filed by leave of court, constitutes no reason for applying a different rule.

4. REAL ESTATE—*damage to, by overflow—rights of grantee.* Whether or not the grade of a railroad was such that one purchasing the land after the railroad was built upon it ought reasonably to have known that a change, affecting the flow of water, was necessary to complete the construction of the track as it appeared when he purchased, is one of fact, and not of law.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. George S. House, and Mr. William Brown, for the appellant :

One of the main tests as to whether an amended count is the statement of a new cause of action or a re-statement of the one contained in the original count, is, whether a recovery, if had on the original count, would bar the cause of action set up in the amended or additional count. *Insurance Co.* v. *Thomas,* 10 Ill. App. 553 ; *Dixon* v. *Railroad Co.* 81 Ill. 215 ; *Railroad Co.* v. *Christy & Co.* 64 id. 128 ; *Railroad Co.* v. *Elliott,* 34 Ill. App. 589.

Where no additional injury results from raising the grade, no damages can be recovered. *Railroad Co.* v. *Morgan,* 72 Ill. 155 ; *Railroad Co.* v. *McDougall,* 118 id. 229 ; *Railroad Co.* v. *Loeb,* id. 203.

When the structure is permanent in character, to the extent that all the damages likely to arise in the future can be readily determined, then but one cause of action exists, and this cause of action is created at once on the completion of the improper construction, and belongs to the then owner of the land, and does not pass to his grantee. *Railroad Co.* v. *Maher,* 91 Ill. 312 ; *Railroad Co.* v. *Loeb,* 118 id. 203 ; *Kutz* v. *McCune,* 22 Wis. 628 ; *Memmert* v. *McKeen,* 112 Pa. St. 315.

In an action brought for a deterioration in the value of real estate from a nuisance of a permanent character, all damages for past and future injury to the property may be recovered, and one recovery in such action will be a bar to all future actions for the same cause. *Gas Co.* v. *Graham,* 28 Ill. 73 ; *Railroad Co.* v. *Grabill,* 50 id. 242 ; *Cooper* v. *Randall,* 59 id. 321; *Gas Co.* v. *Howell,* 92 id. 19 ; *Railroad Co.* v. *Maher,* 91 id. 312.

Messrs. Haley & O'Donnell, for the appellee :

A recovery under the first three counts would have been a bar to a recovery under the fifth and sixth counts of this declaration, and that is decisive of the identity of the cause of action. *Insurance Co.* v. *Thomas,* 10 Ill. App. 553 ; *Dickson* v. *Railroad Co.* 81 Ill. 215.

Amendments which re-state the original cause of action are favored in law, and not to be treated as stating a new cause of action. *Railroad Co.* v. *Christy & Co.* 64 Ill. 128.

Appellee has a right to recover for every wrong done him by the appellant, both in maintaining an unlawful structure and adding to it. · *Railway Co.* v. *Elliott*, 34 Ill. App. 589.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was an action instituted by appellee, against appellant, in the circuit court of Will county. At the time of the last trial the declaration contained six counts. The original declaration, filed April 27, 1883, consisted of one count, only. It charged appellant with maintaining an embankment across appellee's premises, and obstructing a water-course which flowed across his land, thereby backing the water upon said land and destroying the crops, etc. The second and third counts were filed May 25, 1885. The second count alleged that there was a water-course across plaintiff's premises, through which ran surface water from said premises, and that the defendant erected an embankment between plaintiff's premises and the adjoining land in so negligent a manner as to cause water to collect on plaintiff's land, etc., and in the operation of its railroad maintained such embankment, thereby damaging plaintiff's premises, etc. The third count is substantially the same as the second. A fourth count was filed January 13, 1887, and is substantially the same as the second and third, with an additional allegation that the defendant wrongfully and negligently, by means of earth, gravel and other substances, raised a certain embankment on its railroad grade, which before then had been constructed over and across said water-course, to a height of six inches, and filled up and obstructed certain ditches and outlets thereon, etc. To these counts a plea of the general issue was filed, and a trial was had, resulting in a judgment

for the plaintiff, which, on appeal to the Appellate Court for the Second District, was reversed and the cause remanded. (See 28 Ill. App. 110.) Upon the re-instatement of the cause in the circuit court, on January 6, 1890, two additional counts (fifth and sixth) were filed, the fifth alleging that on February 1, 1883, the defendant wrongfully and negligently raised and graded its road-bed so as to still further dam up and throw back upon plaintiff's land large quantities of water, causing a great increase in the quantity of water upon said land, and causing a greater portion of plaintiff's land, to a greater depth, to be covered by water than would have been covered but for the wrongful acts of the defendant as aforesaid, etc. This count also contained the same allegations made in the former counts. The sixth count is the same as the fifth, except as to the date of the alleged wrongful act. Defendant pleaded the general issue to all the counts, and to the fifth and sixth that they stated a new cause of action which did not accrue to the plaintiff at any time within five years next before filing those counts. Issue being joined on these pleas, the case was again tried, and judgment rendered for plaintiff for $1541 and costs of suit, and that judgment has been affirmed by the Appellate Court.

It appears from the evidence that in 1874 the land alleged to have been damaged, as well as that upon which the alleged obstruction was placed, belonged to the Illinois and Michigan Canal, and in that year the Chicago and Illinois River Railroad Company built its grade across the same, having previously purchased a strip one hundred feet wide of the canal commissioners for its right of way. On May 1, 1875, the appellant company succeeded to all the rights of the Chicago and Illinois River Railroad Company, including such right of way. On June 15, 1875, after the grade had been made and the railroad put in operation, appellee purchased of the canal commissioners one hundred and two acres of land in the same

quarter section, adjoining the railroad right of way on the south-east.

It is conceded that no recovery could be had by plaintiff in this action for damages occasioned by grading defendant's road before he purchased the land. Any such damages were to his grantor. This trial was, however, upon the fifth and sixth counts of the declaration, which claim damages occasioned, not by the original grading, but because of increasing the height of that grade after he became the owner of the land. There is no conflict in the evidence as to the fact that the grade was raised after plaintiff became the owner of the land alleged to have been damaged, but it is not claimed that it was done within five years next preceding the filing of the fifth and sixth counts, or that any damages have accrued to plaintiff within that period, and it is therefore insisted, with much earnestness, by counsel for the appellant, that the Statute of Limitations pleaded to those counts is a complete bar to plaintiff's right of recovery. The correctness of this position will depend entirely upon the question whether those counts set up a new and distinct cause of action from that declared upon in the other counts.

Each of the preceding counts describes the place obstructed as a "water-course," whereas the fifth and sixth call it a "natural depression, in which water was accustomed to flow," and it is contended that by this change a distinct cause of action is set up. The right of the plaintiff to maintain his action depends upon his having suffered an injury by the wrongful act of the defendant, and the nature of the wrong and manner of inflicting it must be alleged in his declaration. Each of these six counts states the injury to be the flooding of plaintiff's premises, and the wrongful act of the defendant to be the obstruction of the natural flow of water. The injury complained of in all the counts is the same, produced in the same way, and therefore the cause of action is the same,

whether caused by damming up a water-course or a natural depression in which water was accustomed to flow. In other words, the place claimed in each of the counts to be obstructed is the same, but called by a different name. The change in that regard was but the re-statement of the same cause of action, and if that had been the only change, it would be clear that the Statute of Limitations was no defense to the new counts. (*Dickson* v. *Chicago, Burlington and Quincy Railroad Co.* 81 Ill. 215.) It appears, however, that these counts also differ from the first three in that the wrongful act charged by them against the defendant is raising the grade of its road, or so increasing the original obstruction as to cause the injury, while the first three base the right of action upon the original construction of the grade,—that is to say, the first three counts charge a wrongful act for which, as we have seen, plaintiff could not recover because he did not own the land when it was committed, whereas the last two base his right of recovery upon acts committed after he became the owner of the premises, and hence, it is said, a new cause of action was pleaded in the counts upon which the trial was had. If these five counts were alone to be considered, the contention would, we think, be sustained by *Illinois Central Railroad Co.* v. *Cobb, Christy & Co.* 64 Ill. 128; but the fourth count, which was filed January 13, 1887, charged that on, etc., plaintiff being the owner of the premises, the defendant raised the grade, etc. That count, and the fifth and sixth, charged the same wrongful act and resulting injury,—that is to say, no new or distinct cause of action was alleged in the last counts from that set up in the fourth. They each set up the same right of action, though in somewhat different language, for which, if sustained by the proof, plaintiff could recover. If, then, the suit had been begun on the 13th day of January, 1887, on a declaration containing the fourth count, it would be clear that the Statute of Limitations could not have been successfully pleaded to

the two counts last filed, and we see no reason for applying a different rule merely because that count was filed at that time as an additional count to the original declaration. It was a declaration for the same injury that is claimed in the fifth and sixth counts, and was filed within five years from the committing of the alleged wrongful act. It follows that, in our opinion, the five years Statute of Limitations was no bar to the cause of action upon which the judgment below was recovered.

A formal objection is made to the instructions given to the jury on behalf of plaintiff, and also to the refusing of instructions asked by the defendant, but no specific error in that regard is pointed out. On this branch of the case it is sufficient to say, we have examined the instructions asked, and find no substantial error in the rulings of the trial court in giving or refusing the same.

It is finally insisted that plaintiff below is not entitled to recover upon the allegations of his fifth and sixth counts, because the alleged change in the height of the grade of defendant's road-bed was no greater than was necessary to complete the proper construction of its track across the land for which it had obtained the right of way from the former owner, and therefore all damages accruing to the land by the increased obstruction must have entered into the contemplation of parties when the right of way was obtained. This point raises a naked question of fact. It is in no way presented as one of law. As was said in *Toledo, Wabash and Western Railway Co.* v. *Morgan*, 72 Ill. 155 : "He (plaintiff) purchased the land with the incumbrance of the railroad upon it. It was open and visible. He could see exactly how the farm was affected by the construction of the railroad." He had a right to then assume that a proper road-bed had been made. The road was in operation. It was suitable and sufficient for the operation of the road, but it was ascertained by the defendant that it was liable to overflow and wash out, and to avoid that liability the grade was raised. By this

means a better construction was secured for the defendant, but it resulted in an injury to the plaintiff, for which this action was brought. Finally, a culvert was put in and the grade maintained at its increased height, thus securing the best construction, and resulting in no further injury to plaintiff. Under this general state of facts, it certainly cannot be seriously contended that the evidence does not tend to prove that the change in the construction alleged in the last counts was a substantial and material one from that originally contemplated, and hence that fact is settled against appellant.

We have examined the various questions raised upon this record, and, so far, at least, as the errors assigned are cognizable in this court, find no reversible error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*