## J. T. Benson et al. v. J. P. Arnold.

1. WAIVER—*Of the Right to Plead the Statute of Limitations.*—The defense of the statute of limitations may be waived by a defendant, and where he goes to trial solely on a plea traversing the declaration, he should be considered as having waived it.

2. AMENDMENTS—*After Verdict.*—To allow a defendant to make his

defenses by piecemeal and before different juries does not fall within the contemplation of our liberal statutes on amendments, and the action of the court in this case in allowing the defendant to file a special plea of the statute of limitations after verdict was irregular.

3. NEW TRIALS—*Granting of, Can Not Be Assigned for Error.*—The granting of a new trial can not properly be assigned for error, and as the granting of a new trial was the harm which resulted to the plaintiffs from the action of the court in allowing the defendant to file a plea of the statute of limitations after verdict, that error alone would not be sufficient to reverse the judgment.

4. LIMITATIONS—*An Additional Count Held to Be a Re-statement of the Original Cause of Action.*—The court discusses the declaration filed in this case, in connection with an additional count filed herein, and holds that the additional count was but a restatement of the cause of action; that it introduced no new cause of action, and hence that the demurrer to the plea of the statute of limitations should have been sustained.

5. PRACTICE—*Final Judgment on Demurrer While Issue on Part of the Counts of a Declaration is Undisposed of.*—Where there are two counts to a declaration, to both of which the general issue is filed, and to one of which the defendant in addition to the general issue files a special plea, to which the plaintiff demurs, final judgment can not be rendered on the demurrer while the issue on the other count remains undisposed of.

**Trespass on the Case,** for libel. Error to the Circuit Court of McLean County; the Hon. THOS. F. TIPTON, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed June 3, 1898.

## STATEMENT OF THE CASE.

This is an action on the case for libel, commenced by J. M. Benson, J. T. Benson, Frank Benson and Nannie Benson against J. W. Arnold and J. P. Arnold.

The declaration alleged as the libelous matter a certain letter written to Rumsey, Lightner & Co., by the defendants, in which they defamed the character of the plaintiffs for integrity in business. To the declaration the defendants filed the general issue and several special pleas justifying the libel. The court sustained a demurrer to the special pleas.

On the 12th of May, 1897, when the case was called for trial upon the declaration and general issue, by agreement of parties the suit was dismissed as to J. M. Benson, plaint-

iff, and J. W. Arnold, defendant.   Under leave granted, an additional count was then filed, which was the same as the original count, except that the name of J. M. Benson, as plaintiff, and the name of J. W. Arnold, as defendant, were omitted, that the defamatory letter was written " on, to wit, the 2d day of April, 1896," etc., instead of " on, to wit, the 15th day of October, 1896 " (as charged in the original count), and that the signature to the letter was " John P. Arnold, Cashier," instead of " J. W. Arnold & Co."   On motion of the defendants their plea to the original count was extended to the additional count and the trial proceeded, resulting in a verdict on the 13th of May, finding the defendant guilty and assessing the plaintiff's damages at $750.

On the 15th of May, the defendants obtained leave and filed a plea to the additional count setting up that the supposed cause of action therein contained did not " accrue to the plaintiffs at any time within one year next before the filing of the said additional count."

The plaintiffs moved to strike that plea from the files for the following reasons :

1.   That it was filed after the jury had returned a verdict.

2.   That it raised a distinct and different issue from that tried by the jury.

3.   That the defendant went to trial and heard evidence without objection as to the time of bringing the suit, etc.

The court overruled the motion to strike from the files, whereupon the plaintiffs filed a demurrer to the plea, which was by the court overruled.   The plaintiffs in error stood by their demurrer.   The court thereupon granted a new trial and entered final judgment against the plaintiffs in error for costs, to which judgment the plaintiffs in error excepted.

LIVINGSTON & BACH, attorneys for plaintiffs in error.

WELTY & STERLING and SAMPLE & MORRISSEY, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

The motion of defendants in error to dismiss the writ of error for the reason that the judgment entered in the court below, and which is brought here for review, is not final, must be overruled. The language employed in the order makes the judgment a final one for the costs of the suit. We are led to believe from a view of the entire record that the presiding judge considered the action of the plaintiffs in standing by their demurrer to the plea of the statute of limitations as an end to the case; and so it was, practically, if no error was committed in overruling the demurrer. At all events, the language of the judgment makes it final, and such a one as may be appealed from.

The action of the court in allowing the defendant to file the special plea of the statute of limitations after verdict was irregular. It raised an issue not tried by the jury. The defense which the statute furnishes may be waived by a defendant, and where he goes to trial solely upon a plea traversing the declaration he should be considered as having waived it. To allow a defendant to make his defenses by "piecemeal," and before different juries, does not fall within the contemplation of our liberal statutes on amendments. However, as the action of the court necessitated the granting of a new trial, and the granting of the new trial was the harm which resulted to the plaintiffs, that error alone would not be sufficient to reverse the judgment. The granting of a new trial can not properly be assigned for error.

The court erred in overruling plaintiffs' demurrer to the special plea of the statute of limitations.

The additional count to which it was directed, was based upon the same letter that was set forth, *haec verba*, in the original count. It complained of the same injury and from the same cause. As against J. P. Arnold the two counts are identical except as to the date of the alleged libel, and that is stated under a *videlicit*. It should be remembered that the original count was amended by agreement by omitting the names of J. M. Benson as party plaintiff and

J. W. Arnold as party defendant. The additional count, then, was but a mere restatement of the cause of action against J. P. Arnold. It introduced no new cause of action.

The main test as to whether an additional count is the statement of a new cause of action, or a restatement of the one contained in the original count, is whether a recovery, if had on the original count, would bar the cause of action set up in the additional count.

It is quite clear to our minds that a recovery on the original count as amended by the omission of the names of J. M. Benson and J. W. Arnold would be a complete bar to a recovery on the additional count.

Our views are sustained by the following Illinois authorities: Mitchell v. Milholland, 106 Ill. 175; North Chicago Rolling Mills Co. v. Monka, 107 Ill. 340; Blanchard v. Lake Shore & M. S. Ry. Co., 126 Ill. 416; Chicago & Alton R. R. Co. v. Henneberry, 153 Ill. 354; Swift & Co. v. Foster, 163 Ill. 50.

Another error committed by the trial court was in rendering final judgment for costs when the issues raised by the general traverse were undisposed of. The judgment must be reversed and the cause remanded.